IN RE APPROPRIATION FOR JUVENILE AND PROBATE DIVISION
FOR 1979: ANDERSON, JUDGE, APPELLEE, *v.*
KELLOG ET AL., APPELLANTS.

[Cite as In re Appropriation for 1979 (1980),
62 Ohio St. 2d  99.]

(No. 79-1040—Decided April 23, 1980.)

*Messrs. Smith, Renner, Hanhart, Miller & Kyler, Mr. William A. Kyler* and *Mr. James J. Pringle,* for appellee.

*Johnson & Johnson Co., L.P.A.,* and *Mr. Danny D. Johnson,* for appellants.

*Per Curiam.* In their first and second propositions of law, appellants contend that when a court requests an appropriation of funds for its operating expenses, it must submit to a hearing, and bears the burden of proving that the amount requested is reasonably necessary for its continued operation. They contend further that, in this instance, the court's appropriation request was unreasonable, and should be overturned in this appeal. Appellants' contentions are without merit.

R. C. 2151.10, as it read at the commencement of this cause,[1] provided, in part, that:

"The board of county commissioners shall appropriate such sum of money each year as will meet all the administrative expense of the juvenile court***."

Pursuant to this section, it is for the Juvenile Court judge to determine the fiscal needs of the court, and the board of commissioners may not substitute its judgment by refusing to appropriate the amount requested by the judge. *State, ex rel. Milligan,* v. *Freeman* (1972), 31 Ohio St. 2d 13, 18. When the board does refuse to perform its duty, the juvenile judge may seek to enforce his order by way of mandamus, *State, ex rel. Ray,* v. *South* (1964), 176 Ohio St. 241, or by proceedings in contempt. *State, ex rel. Edwards,* v. *Murray* (1976), 48 Ohio

---

[1] R. C. 2151.10 was amended by Sub. S. B. No. 63, effective July 26, 1979. It now provides, in part, as follows:

"The juvenile judge shall annually submit a written request for an appropriation to the board of county commissioners that shall set forth estimated administrative expenses of the juvenile court that the judge considers reasonably necessary for the operation of the court***. The board shall conduct a public hearing with respect to the written request submitted by the judge and shall appropriate such sum of money each year as it determines***is reasonably necessary to meet all the administrative expenses of the court***.

"If the judge considers the appropriation***insufficient***he shall commence an action under Chapter 2731 of the Revised Code in the court of appeals***for a determination of the duty of the board of county commissioners to appropriate the amount of money in dispute***. The burden shall be on the juvenile judge to prove that the appropriation requested is reasonably necessary***."

St. 2d 303. The procedure utilized by appellee to enforce her appropriation orders was in accordance with law.

Appellants' attack on the appropriation request itself is untimely. Appellants did not appeal the *ex parte* orders which mandated the appropriation. Those orders were final and appealable, *State, ex rel. Edwards, supra,* at 305, and the failure to appeal therefrom constitutes a waiver of any error. Appellants cannot now collaterally attack appellee's appropriation request *via* this appeal from the judgment of contempt.

In appellants' third proposition of law, they contend that they were punished for criminal, rather than civil, contempt, and should have been afforded the right against self-incrimination, the right to due process, and the right to a trial by jury. While we agree that the primary purpose of the trial court was punitive rather than coercive, and that this is, therefore, a case of criminal contempt, *State* v. *Kilbane* (1980), 61 Ohio St. 2d 201, 206, we must reject appellants' arguments.

Appellants were afforded their procedural due process right to notice and a hearing. We find no denial of due process on the record. Appellants had no right to a trial by jury, for that right inheres only when the sentence for contempt exceeds six months' incarceration. *Taylor* v. *Hayes* (1974), 418 U.S. 488, 495. Finally, we can find nothing in the record evidencing a denial of appellants' right against self-incrimination. Appellants entered pleas of guilty to the charges in contempt. The only time they testified during these proceedings was at the subsequent mitigation hearing. Their guilty pleas served as a waiver of their right against self-incrimination. *State* v. *Buchanan* (1974), 43 Ohio App. 2d 93, 96. There was no cognizable error.[2]

In their final proposition of law, appellants argue that it was improper for appellee to sit in judgment on the contempt charges, when she, in her capacity as an administrator, had an interest in the underlying dispute. While we question the propriety of appellee's actions under the circumstances, cf. *Ward* v. *Village of Monroeville* (1972), 409 U.S. 57, we believe that

---

[2] There has been no allegation that the guilty pleas entered by appellants were made other than voluntarily, intelligently and knowingly. Thus, we are foreclosed from independent inquiry into many of the issues raised by appellants in this appeal. *Tollett* v. *Henderson* (1973), 411 U. S. 258, 266.

102

any error which might have existed in that regard was waived by appellants' pleas of guilty, and their failure to request that appellee disqualify herself.

For the foregoing reasons, the judgment of the Court of Appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, KERNS, SWEENEY, LOCHER and HOLMES, JJ., concur.

KERNS, J., of the Second Appellate District, sitting for P. BROWN, J.