OPINION
Defendant-appellant, Donald A. Harman, appeals a decision of the Mahoning County Common Pleas Court entering summary judgment in favor of plaintiff-appellee, Joseph Davilla Sr., on his complaint for foreclosure.
On October 11, 1996, appellee obtained a judgment against appellant for $100,000.00 in Mahoning County Common Pleas Court Case No. 95-CV-1496. Appellant did not appeal that decision.
On September 9, 1997, appellee filed the present action against appellant seeking to enforce the judgment lien by way of foreclosure. On October 1, 1999, appellee filed a motion for summary judgment followed by an amended motion on October 10, 1999. Appellant, proceeding pro se, filed a motion in opposition on December 2, 1999.
On March 1, 2000, the trial court granted appellee's motion. The court noted that there was no dispute that the judgment obtained against appellant was made a lien upon appellant's real property. This appeal followed.
Continuing to proceed pro se, appellant raises four assignments of error on appeal which state respectively:
 "DID TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO RULE ON APPELLANT'S MOTIONS"
 "TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ASSESSED DAMAGES WITHOUT ANY EVIDENCE OR TESTIMONY TAKEN."
 "TRIAL COURT JUDGE LIMBERT WAS PERSONALLY BIASED AND PREJUDICED TOWARDS APPELLANT HARMAN"
 "VISITING JUDGE MARY CACIOPPO ERRED AS A MATTER OF LAW WHEN SHE REFUSED TO RULE ON THE PROPERLY FILED MOTION FOR 60(B)."
Each of appellant's arguments are directed towards the judgment obtained against him on October 11, 1996, in Case No. 95-CV-1496. That judgment was a final and appealable order which appellant chose not to appeal. Failure to appeal that judgment constitutes a complete and total waiver of any alleged error. See In re Appropriation for 1979 (1980),62 Ohio St.2d 99, 101. The present action is simply a means to enforce the judgment lien obtained against appellant in the prior lawsuit. Appellant cannot use this setting to collaterally attack the validity of the previous judgment. Appellant assigns no error to the trial court's grant of summary judgment in this case allowing the foreclosure.
Accordingly, appellant's four assignments of error are without merit.
The judgment of the trial court is hereby affirmed.
 _____________ DONOFRIO, J.
Waite, J., concurs
DeGenaro, J., concurs