OPINION
These consolidated appeals are from the August 15, 2001 judgment entry of the Court of Common Pleas of Paulding County. This entry revoked the community control sanctions imposed upon the appellant in two separate cases, one for carrying a concealed weapon and the other for assault.
On November 9, 2000, the appellant, Aaron J. Crutchfield, was indicted for one count of receiving stolen property in violation of Revised Code section 2913.51(A) and one count of carrying concealed weapons, a felony of the fourth degree, in violation of R.C. § 2923.12(A). This indictment was designated Case Number CR- 00-607. Appellant entered a plea of not guilty as to both counts on November 27, 2000. Subsequently, the appellant was indicted for one count of felonious assault in violation of R.C. § 2903.11(A)(1) on March 9, 2001. This indictment was designated Case Number CR-01-511. On March 16, 2001, Appellant also pled not guilty to this count. Appellant demanded a jury trial in both cases.
The appellant changed his pleas in accordance with plea negotiations on April 20, 2001. Appellee, State of Ohio, inter alia, dismissed the receiving stolen property charge in Case No. CR-00-607 and amended the felonious assault charge in Case No. CR-01-511 to that of assault in exchange for the appellant changing his former pleas of not guilty to no contest with a consent to a finding of guilt without further evidentiary hearing on the remaining charges in both cases. The appellant then pled no contest to both the carrying concealed weapons charge and the assault charge.
On May 29, 2001, the appellant appeared before the trial court for purposes of sentencing in both cases. At that time, the trial court sentenced Appellant to community control sanctions for three years as to both cases and ordered that this time be run concurrently. The trial court filed its judgment entry, reflecting this sentence, on May 30, 2001. The appellant did not appeal this entry.
Thereafter, the appellee filed a motion to revoke the appellant's community control sanctions on August 1, 2001, alleging that the appellant had violated the conditions of community control. The motion proceeded to hearing on August 15, 2001, at which time the appellant did not contest the allegation against him of violating his community control sanctions. The trial court then found him guilty of violating the imposed sanctions and sentenced him to seventeen months with the Department of Rehabilitation and Correction as to the carrying concealed weapons conviction and six months as to the assault conviction. The court further ordered that such time be served concurrently with credit given to Appellant for time previously served. The court then filed a judgment entry reflecting its sentence on this same date. This appeal followed, and Appellant now asserts one assignment of error with the trial court's August 15, 2001 judgment.
 THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO A PRISON TERM, IN THAT THE INDICTMENT FAILED TO ALLEGE FACTS ESTABLISHING A FELONY.
While Appellant is currently appealing the August 15, 2001 judgment entry, revoking his community control sanctions and re-sentencing him to a term of imprisonment, his assignment of error relates to the validity of the May 30, 2001 judgment entry of sentencing. Any questions concerning the validity of this entry or matters pertaining thereto should have been raised by direct appeal. State v. Lawrence (May 14, 2001), Seneca App. No. 13-01-01, unreported, 2001 WL 504245. Appellant did not appeal the May 30, 2001 entry, and, therefore, "[t]he doctrine ofres judicata prevents us from addressing the issue at this point in time." Id.; see also In re Appropriation for Juvenile and ProbateDivision for 1979 (1980), 62 Ohio St.2d 99, 101. Accordingly, there being no matters raised pertaining to the judgment from which this appeal was taken and the matters raised being barred by res judicata the assignment of error is overruled.
For these reasons, the judgments of the Common Pleas Court of Paulding County are affirmed.
Judgments affirmed.
HADLEY and WALTERS, JJ., concur.