The STATE of Ohio, Appellee,

v.

BAKER, Appellant.

[Cite as *State v. Baker*, 152 Ohio App.3d 138, 2002-Ohio-7295.]

Court of Appeals of Ohio,
Seventh District, Carroll County.

No. 02 AP 0771.

Decided Dec. 26, 2002.

Donald R. Burns Jr., Carroll County Prosecuting Attorney, and Edward S. Asper, Assistant Prosecuting Attorney, for appellee.

Hank F. Meyer, for appellant.

WAITE, Judge.

{¶ 1} This is an appeal of a sentence that was reimposed upon appellant Justin W. Baker by the Carroll County Court of Common Pleas after a probation violation. Appellant argues that the court should not have imposed the maximum sentence of eighteen months in prison and that his counsel was ineffective for failing to object to the maximum sentence. It is clear from the record that the trial court limited the maximum possible sentence for a probation violation to twelve months in prison, and the trial court's subsequent deviation from this possible maximum sentence must be modified. Any other errors are barred by the doctrine of res judicata because appellant did not appeal from the original sentencing entry issued on November 4, 1999. *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 39 O.O.2d 189, 226 N.E.2d 104.

{¶ 2} Appellant was indicted on September 1, 1999, in the Carroll County Court of Common Pleas. The charges arose out of events surrounding the theft of three automobiles on August 20, 1999. He was charged with three counts of theft in violation of R.C. 2913.02(A)(1), which are fourth degree felonies.

{¶ 3} On November 4, 1999, appellant entered into a plea agreement. He agreed to plead guilty to one count of theft and to have the other two counts nolled. The change-of-plea hearing and the sentencing hearing were both held on November 4, 1999. At that time, the court sentenced appellant to eighteen months in prison, but also stated that "said sentence was suspended and defendant is sentenced to five (5) years community control subject to the following terms and conditions * * *." The trial court ordered the sentence to be suspended and imposed probation based on a request for probation made by appellant. The court sentenced appellant to a six-month treatment program at Eastern Ohio Correction Center, as well as imposing numerous other conditions of probation. The sentencing entry specifically stated that "violation of this sentence shall lead to a more restrictive sanction, a longer sanction, or prison term of up to twelve (12) months on each count." Neither appellant nor appellee filed a direct appeal of this judgment entry.

{¶ 4} On September 14, 2000, appellant's probation officer filed a motion to revoke his probation based on three probation violations. The court found that appellant had violated the terms of his probation, and on September 29, 2000, filed a judgment entry modifying his sentence. The court imposed a 30–day jail sentence on appellant, to be served at the Carroll County Jail. Appellant did not file a direct appeal of this judgment entry.

{¶ 5} On February 27, 2001, appellant's probation officer filed another motion to revoke probation, citing three probation violations. The court held a hearing on the probation violations on February 11, 2002. The court found that appellant

had violated the terms of probation, and revoked probation. In a judgment entry dated February 12, 2002, the court reimposed the original eighteen-month prison sentence and gave appellant credit for 166 days served.

{¶ 6} Appellant filed this timely appeal on March 11, 2002.

{¶ 7} Appellant's first three assignments of error have to do with the trial court's decision to impose the maximum prison term, and they will be treated together:

{¶ 8} "I. The trial court at original sentencing (11–4–99) and at hearing to determine a community control violation (2–11–02), failed to comply with O.R.C. 2929.19(B)(2)(a) and O.R.C. 2929.19(B)(2)(d) in sentencing the appellant to the maximum period of actual incarceration allowed by law.

{¶ 9} "II. The trial court violated O.R.C. 2929.19(B)(5) as the appellant was never informed of his specific, delineated sentence should he violate the terms/conditions of his community control.

{¶ 10} "III. As a first time felony offender, the trial court failed to comply with O.R.C. 2929.14(B) by imposing the maximum sentence for appellant's crime. The mandatory findings required before imposing the maximum incarceration upon appellant are absent from the transcript/record of this case."

{¶ 11} Appellant argues that a trial court is required to abide by statutory guidelines and requirements in order to impose a sentence for a felony conviction. Appellant's argument is based on alleged violations of Ohio's felony sentencing laws contained in R.C. 2929.11 to 2929.19. Before any of these arguments are reached, it must be determined whether this appeal is governed by the felony sentencing statutes contained in R.C. 2929.11 to 2929.19.

{¶ 12} Ohio's felony sentencing statutes were completely revised by Am.Sub. S.B. No. 2, effective July 1, 1996. Previous to Am.Sub.S.B. No. 2, it was a regular practice in felony sentencing to impose a prison sentence, suspend the sentence, and then impose terms of probation. That option was by and large removed by the felony sentencing statutes adopted as part of S.B. 2. The current felony sentencing statutes, contained primarily in R.C. 2929.11 to 2929.19, require a judge either to impose a prison term or impose community-control sanctions. The current statutes attempt to prevent the courts from combining the two options.

{¶ 13} One vestige of the pre–1996 felony sentencing system was preserved in Am.Sub.S.B. No. 2. Prior to the 1996 revisions, a trial judge could grant "shock probation" to offenders who met certain conditions. See former R.C. 2947.061, repealed by S.B. 2. In S.B. 2, "shock probation" was recodified and renamed "judicial release," with many of the same rules and conditions applicable to the former "shock probation." See R.C. 2929.20. The new "judicial release" statute

appears to allow a trial judge to impose a prison term and then suspend that prison term in favor of imposing community-control sanctions:

{¶ 14} "(B) Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. * * *

{¶ 15} "* * *

{¶ 16} "(I) If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. The period of the community control sanction shall be no longer than five years. The court, in its discretion, may reduce the period of the community control sanction by the amount of time the eligible offender spent in jail for the offense and in prison. If the court made any findings pursuant to division (H)(1) of this section, the court shall serve a copy of the findings upon counsel for the parties within fifteen days after the date on which the court grants the motion for judicial release."

{¶ 17} Although R.C. 2929.20 does not specifically label the decision to grant judicial release as "suspending the sentence" of the defendant, for all intents and purposes judicial release amounts to a suspended sentence. *State v. McConnell* (2001), 143 Ohio App.3d 219, 223, 757 N.E.2d 1167; *State v. Wiley*, 148 Ohio App.3d 82, 2002-Ohio-460, 772 N.E.2d 160.

{¶ 18} Under the former "shock probation" statute, the trial court could simply reimpose the suspended sentence after finding that the terms of probation were violated, and no other explanation or finding was needed. The only finding required by such an order was a trial court's finding that the terms of probation were violated. *State v. McMullen* (1983), 6 Ohio St.3d 244, 6 OBR 312, 452 N.E.2d 1292, fn. 1. Likewise, the judicial-release statute appears to allow the trial court to reimpose a previously imposed prison sentence merely by finding that a community-control sanction was violated.

{¶ 19} It is not surprising that trial judges continue to impose prison terms and then suspend them, considering that the option appears to continue to exist in limited circumstances even under S.B. 2.

{¶ 20} The trial judge in this case initially imposed a definite prison term of eighteen months and then suspended the sentence. Whether or not the trial court properly imposed a prison term and then suspended the sentence is certainly an issue which this court has authority to review, and we have reviewed similar errors many times. If appellant disagreed with the trial court's original judgment which imposed a prison term and then suspended sentence, he should have filed a direct appeal of the original sentencing order. If a sentencing error could have been raised in a direct appeal and was not raised, that error is deemed to have been waived. *State v. Combs* (1991), 73 Ohio App.3d 823, 825, 598 N.E.2d 815. As this court recently stated:

{¶ 21} "Although it is questionable whether the trial court * * * had the authority to impose and then suspend a felony prison sentence, Appellant should have raised this issue by means of a direct appeal of the original sentencing order." *State v. Pitts* (Mar. 14, 2001), 7th Dist. No. 99 BA 67, 2001 WL 273838.

{¶ 22} Because the trial court actually imposed the eighteen-month prison sentence on November 4, 1999, appellant should have appealed the sentence at that time. Appellant could have argued in a direct appeal that the eighteen-month maximum prison sentence should not or could not have been imposed, or that the felony sentencing factors were not considered when the court imposed the prison term in the first place. In other words, the issues now being argued by appellant could have been, and should have been, argued in a previous appeal.

{¶ 23} It must also be pointed out that any confusion caused by the trial court imposing and then suspending the prison sentence were induced by appellant himself. The November 4, 1999 judgment entry states: "Defendant, through counsel, thereupon moved the Court for suspension of imposition of sentence and original probation." Pursuant to the "invited error" doctrine, appellant cannot now assert sentencing errors that appellant himself induced the court to make. *State v. Kniep* (1993), 87 Ohio App.3d 681, 686, 622 N.E.2d 1138.

{¶ 24} Part of appellant's argument is that R.C. 2929.19(B)(5) should have prevented the trial court from imposing any more than a twelve-month prison sentence. R.C. 2929.19(B)(5) states:

{¶ 25} "(5) If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. *The court shall notify the offender that, if the conditions of the sanction are violated,* if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, *the court may impose* a longer time under the same sanction, may impose a more restrictive sanction, or may impose *a prison term on the*

*offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."* (Emphasis added.)

{¶ 26} Appellant argues that, pursuant to R.C. 2929.15(B)(5), when a trial court revokes community control sanctions, any prison term subsequently imposed must be within the range of potential prison terms previously announced by the trial court. Appellant's argument would be correct if this were governed by R.C. 2929.15(B)(5). R.C. 2929.15(B)(5) does require the trial court to notify the defendant about any *potential* prison sentence that might be imposed if community-control sanctions were to be revoked. See, e.g., *State v. Mynhier* (2001), 146 Ohio App.3d 217, 224, 765 N.E.2d 917. In the case under review, however, there is no *potential* prison sentence in dispute. The trial court ordered an *actual* prison sentence on November 4, 1999, and then suspended it. This situation is not covered by R.C. 2929.15(B)(5). As previously stated, if appellant thought that there was an error in the trial court's procedure, he should have pursued a direct appeal of the original sentence. Because appellant did not appeal from the judgment, the trial court was within its power to reinvoke the original prison sentence.

{¶ 27} For some unknown reason, though, the November 4, 1999 judgment entry itself precluded the trial judge from imposing the full eighteen-month prison sentence. The judgment entry states: "The defendant was notified that violation of the sentence shall lead to a more restrictive sanction, a longer sanction, or prison term of up to twelve (12) months on each count." Appellee acknowledges in his appellee's brief that the trial court agreed to impose only a twelve-month prison term as a consequence of community-control violations. Appellee could have appealed from the November 4, 1999 judgment entry if it believed that the trial court's statement was in error. Just as appellant is bound by the fact that it did not appeal the November 4, 1999 judgment entry, it is clear that appellee is likewise bound by its failure to appeal. Therefore, the subsequent judgment entry reimposing the prison terms must be modified to reflect that only a twelve-month prison term was imposed.

{¶ 28} Appellant's fourth assignment of error states:

{¶ 29} "Appellant's counsel at the trial court level should have timely objected to the appellant's original sentence because of its legal invalidity. O.R.C. 2953.08(A)(1)(a), O.R.C. 2953.08(a)(2), O.R.C. 2953.08(E) and O.R.C. 2953.08(G) are clearly at issue and should have been raised by trial counsel. Having failed to do so, such omission whether it be deemed ineffective assistance

of counsel or not, should not operate to preclude the appellate court from correcting obvious and clear errors as committed by the trial court."

{¶ 30} Appellant seems to be arguing that he had a right to appeal from the sentencing errors mentioned above, and if this court finds that these errors were somehow waived by his prior counsel then his prior counsel was ineffective as counsel. Ineffective assistance of trial counsel may either be pursued in a direct appeal of the order in question, or in post-conviction relief proceedings (if trial counsel also acted as appellate counsel in the direct appeal). See *State v. Cole* (1982), 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169; *State v. Harris,* 7th Dist. No. 00 BA 26, 2002-Ohio-2411, 2002 WL 1065954. The sentencing judgment to which appellant refers was issued on November 4, 1999. Appellant did not file an appeal of that order. Appellant has more than likely waived any right to assert ineffective assistance of counsel with regard to that order, although he may be able to resort to post-conviction relief litigation in order to address the issue, presuming he has evidence outside the record on which he relies. At any rate, this assignment of error is not appropriately before us at this juncture.

{¶ 31} In conclusion, appellant has waived any arguments relating to the failure of the trial court to abide by the requirements of R.C. 2929.11 to 2929.19. Nevertheless, the November 4, 1999 judgment entry itself prevented the trial judge from imposing more than a twelve-month prison sentence. The trial court is bound by its own prior judgment. Therefore, we sustain appellant's assignments of error in part. The February 12, 2002 judgment entry is modified to reflect that a twelve-month prison sentence has been reimposed. It is likely that appellant has already served this prison term, and the case is hereby remanded so that the trial court may expediently give appellant credit for time served and discharge him if necessary.

Judgment accordingly.

VUKOVICH, P.J., and GENE DONOFRIO, J., concur.