The STATE of Ohio, Appellee,

v.

TRUSSEL, Appellant.

[Cite as *State v. Trussel*, 153 Ohio App.3d 83, 2003-Ohio-2933.]

Court of Appeals of Ohio,
Seventh District, Carroll County.

No. 02 AP 0774.

Decided June 5, 2003.

Donald R. Burns Jr., Carroll County Prosecuting Attorney, for appellee.

John M. Gartrell and Joint County Public Defender's Office, for appellant.

WAITE, Presiding Judge.

{¶ 1} This appeal challenges whether the Carroll County Court of Common Pleas properly imposed the maximum prison term when it sentenced Todd M. Trussel ("appellant"). Appellant failed to file an appeal from the judgment entry that first imposed the prison term; thus, he waived his ability to challenge the imposition of the maximum sentence. The judgment of the trial court is affirmed.

{¶ 2} Appellant was indicted on March 5, 2001, in a three-count indictment charging him with burglary, theft, and forgery.

{¶ 3} On April 12, 2001, appellant entered a plea of guilty to one count of theft in violation R.C. 2913.02(A)(1), a fifth-degree felony.

{¶ 4} On April 13, 2001, the court sentenced appellant to "serve a definite term of incarceration of twelve (12) months at the Ohio Department of Corrections." The court found that appellant had committed the worst form of the offense and that the shortest prison term would demean the seriousness of appellant's conduct. The court also held that "said sentence was suspended and defendant is sentenced to five (5) years community control."

{¶ 5} On October 24, 2001, appellant appeared before the court on a probation violation. It was alleged that a misdemeanor charge was pending against him in Carroll County Court. On March 19, 2002, appellant appeared before the court for a second probation violation involving underage consumption, failure to complete substance abuse counseling, and a misdemeanor conviction in Alliance Municipal Court. The court appointed counsel for appellant, and both violations were heard on March 21, 2002. Appellant stipulated to the violations.

{¶ 6} The court filed its judgment entry dealing with the probation violations on March 21, 2002. The court ordered appellant's probation to be revoked and terminated and reimposed the 12–month prison sentence, quoting the language used in the original sentencing entry of April 13, 2001. The court gave appellant credit for 141 days of jail time. This timely appeal followed.

{¶ 7} Motions for stay of execution were denied in both the trial court and this court.

{¶ 8} Appellant's sole assignment of error asserts:

{¶ 9} "Did the trial court err in sentencing defendant/appellant on his first felony conviction to a maximum sentence of twelve (12) [months] for a fifth-degree felony?"

{¶ 10} Appellant first argues that the trial court did not fulfill the requirements set forth in R.C. 2929.14(B) because appellant was a first-time felony offender. R.C. 2929.14(B) requires the court to impose the shortest prison term for the offense unless:

{¶ 11} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.

{¶ 12} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."

{¶ 13} After asserting this argument, appellant abandons it by acknowledging that the trial court specifically stated in the April 13, 2001 judgment entry that the minimum sentence would demean the seriousness of the offense.

{¶ 14} Appellant then argues that the court did not sufficiently justify imposing the maximum prison sentence for a fifth-degree felony, which is 12 months. Appellant argues that the court must specify its reasons for imposing a maximum prison term, citing R.C. 2929.19(B)(2)(d):

{¶ 15} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:

{¶ 16} " * * *

{¶ 17} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term[.]"

{¶ 18} We cannot address appellant's argument because he waived the argument when he failed to file a direct appeal of the April 13, 2001 sentencing entry. In that entry, the trial court sentenced appellant to a definite term of imprisonment of 12 months. This court has ruled twice, in recent cases, that a sentencing entry that actually imposes a definite term of incarceration (in contrast to a direct sentence to community control where any prison sentence that is mentioned as a mere possibility) must be appealed immediately in order to preserve any errors associated with the imposed prison term. *State v. Pitts* (Mar. 14, 2001), Belmont

App. No. 99 BA 67, 2001 WL 273838; *State v. Baker*, 152 Ohio App.3d 138, 2002-Ohio-7295, 787 N.E.2d 17. It should be noted that *Baker* involved an appeal of a sentence imposed by the same judge involved in the instant appeal.

{¶ 19} An appealable issue must be raised at the earliest opportunity to do so. *State v. Williams* (1996), 74 Ohio St.3d 454, 455, 659 N.E.2d 1253. This court obtains jurisdiction to review a final, appealable order only if a timely notice of appeal is filed pertaining to that order. App.R. 4(A); *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St.3d 293, 294–295, 25 OBR 343, 496 N.E.2d 466. Failure to file a timely appeal of a final, appealable order constitutes a waiver of the right to appeal any errors contained within the order. *In re Appropriation for Juv. & Probate Div. for 1979* (1980), 62 Ohio St.2d 99, 101, 16 O.O.3d 104, 403 N.E.2d 974.

{¶ 20} A judgment of conviction and a subsequent order imposing a prison term together constitute a final, appealable order from which an appeal may be taken. *State v. Pasqualone* (2000), 140 Ohio App.3d 650, 655, 748 N.E.2d 1153.

{¶ 21} It is clear that appellant was properly convicted of a fifth-degree felony and that Judge Martin imposed an actual prison sentence. These two elements constitute a final, appealable order. Although there may have been errors in the way that Judge Martin imposed the maximum prison sentence, appellant was required to file a direct appeal of the sentencing entry to address to those errors. Appellant did not file an appeal of the April 13, 2001 sentencing entry. He cannot attempt to appeal that entry by filing an appeal of a subsequent decision in the case.

{¶ 22} Based on our recent holding in *Baker*, 152 Ohio App.3d 138, 2002-Ohio-7295, 787 N.E.2d 17, we hold that appellant has waived the right to appeal the trial court's judgment to impose the maximum prison sentence, because appellant failed to file an appeal of the order that originally imposed the sentence. Appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

Gene Donofrio, J., concurs.

DeGenaro, J., dissents.

DeGenaro, Judge, dissenting.

{¶ 23} I must respectfully dissent from the majority for the same reasons in my dissent in *State v. Vlad*, 153 Ohio App.3d 74, 2003-Ohio-2930, 790 N.E.2d 1246.

{¶ 24} Accordingly, I would find Trussel's assignment of error has not been waived and would resolve it on the merits, as the trial court in this case imposed Trussel's sentence after his probation violation hearing, only then triggering his right to appeal.