OPINION
{¶ 1} Plaintiff-appellant, Terry L. Fish, appeals a decision of the Monroe County Common Pleas Court granting a motion to dismiss in favor of defendant-appellee, John Nottoli d.b.a. Hertz Rent-A-Car, an Illinois licensee, on appellant's claims for personal injury arising from a March 11, 1992 automobile accident in Belmont County, Ohio, involving a vehicle apparently rented from appellee.
 {¶ 2} In 1993, appellant initiated his claims against appellee in the Belmont County Common Pleas Court. That case was dismissed for lack of personal jurisdiction and appellant never pursued an appeal of that decision. Subsequently in 1995, appellant filed similar claims against appellee in the United States District Court, Southern District of Ohio, Eastern Division. That case too was dismissed for lack of jurisdiction and appellant never pursued an appeal.
 {¶ 3} More than ten years later, appellant, proceeding pro se, again filed similar claims against appellee in Monroe County Common Pleas Court on May 7, 2002 — the subject of the present appeal. On May 24, 2002, appellee filed a motion to dismiss for lack of personal jurisdiction pursuant to Civ.R. 12(B)(2). In support of the motion, appellee attached an affidavit in which he stated that his rental car business is located and operated solely within Illinois and that he conducts no business in Ohio. On June 27, 2002, the trial court sustained appellee's motion and dismissed the case. This appeal followed.
 {¶ 4} Before getting to appellant's assignments of error, we need to address the state of each parties' briefs. Appellant filed his pro se brief on February 3, 2003. The certificate of service indicates that appellant mailed a copy of the brief to counsel for appellee on January 27, 2003. App.R. 18(A) states that "appellee shall serve and file the appellee's brief within twenty days after service of the brief of the appellant." Appellee did not file a response to appellant's brief until October 14, 2003. In addition to being filed over seven months late, the filing is in no way compliant, either in substance or form, with the Ohio Rules of Appellate Procedure. Therefore, we will consider the appeal as if no brief was filed by appellee. When appellee fails to file a brief, the court may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably sustains such action. App.R. 18(C).
 {¶ 5} Turning to appellant's brief, it appears to set forth eight assignments of error. Appellant has not argued each assignment separately as required by the appellate rules and, instead, has combined his argument for all assignments. See App.R. 16(A)(7). As we have noted in other similar cases in the past, "[a]lthough appellant is proceeding prose, pro se litigants are bound by the same rules and procedures as litigants who retain counsel. Meyers v. First Natl. Bank of Cincinnati
(1981), 3 Ohio App.3d 209, 210, 444 N.E.2d 412. See, also, Dawson v.Pauline Homes, Inc. (1958), 107 Ohio App. 90, 154 N.E.2d 164. This court has, of course, made some allowances for pro se litigants, such as in the construction of pleadings and in the formal requirements of briefs. There is, however, a limit. `Principles requiring generous construction of prose filings do not require courts to conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning.' Karmasuv. Tate (1992), 83 Ohio App.3d 199, 206, 614 N.E.2d 827. Furthermore, this court will not become appellant counsel for pro se litigants. Such action would be inherently unjust to the adverse party." Jancuk v.McHenry (Aug. 24, 1999), 7th Dist. No. 95 C.A. 131.
 {¶ 6} Appellant's first four assignments of error state respectively:
 {¶ 7} "The failure of the Belmont County Court of Common Pleas to provide independent, separate, and adequate state law grounds for failing to assert competent jurisdiction as specified in Supreme Court ruling: MICHIGAN v. LONG, 103 Sct 346, 463 U.S. 1032 (1983)." (Sic.)
 {¶ 8} "The failure of the Belmont County Court of Common Pleas to assert jurisdiction under Ohio Constitution Article 16 Sec. I which pertains to all courts being open to redress an injury being done to a persons body and justice shall be administered without denial or delay." (Sic.)
 {¶ 9} "The failure of the Belmont County Court of Common Pleas to assert jurisdiction over a non-resident defendant as required by Ohio Revised Code ORC 2307.382(A)(3)(8) and (9) of the Personal Jurisdiction Law." (Sic.)
 {¶ 10} "The failure of the Belmont County Court of Common Pleas to discuss the doctrine of forum non convienens which is available to the courts of Ohio." (Sic.)
 {¶ 11} "An appealable issue must be raised at the earliest opportunity to do so. State v. Williams (1996), 74 Ohio St.3d 454, 455,659 N.E.2d 1253. This court obtains jurisdiction to review a final, appealable order only if a timely notice of appeal is filed pertaining to that order. App.R. 4(A); Moldovan v. Cuyahoga Cty. Welfare Dept. (1986),25 Ohio St.3d 293, 294-295, 25 OBR 343, 496 N.E.2d 466. Failure to file a timely appeal of a final, appealable order constitutes a waiver of the right to appeal any errors contained within the order. In reAppropriation for Juv. Probate Div. for 1979 (1980), 62 Ohio St.2d 99,101, 16 O.O.3d 104, 403 N.E.2d 974." State v. Trussel (2003),153 Ohio App.3d 83, 2003-Ohio-2933, 790 N.E.2d 1252, at ¶ 19.
 {¶ 12} Appellant never appealed the Belmont County Common Pleas Court order dismissing his case. Therefore, he waived any issues in that case and cannot now assert them in this case.
 {¶ 13} Appellant also complains that the failure to pursue an appeal of the Belmont County Common Pleas Court order was the result of the ineffectiveness of his legal counsel at that time. However, a civil litigant, unlike a criminal defendant has no constitutional right to the effective assistance of counsel. Goldfuss v. Davidson (1997)79 Ohio St.3d 116, 126, 679 N.E.2d 1099. The litigant's remedy for inefficient legal counsel is, generally, against the attorney in a suit for malpractice. GTE Automatic Elec., Inc. v. ARC Industries (1976),47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113.
 {¶ 14} Last, towards the end of appellant's brief, he requests relief from the Belmont County Common Pleas Court decision pursuant to Civ.R. 60(B). A Civ.R. 60(B) motion can only be made in the trial court and cannot be, for the first time, entertained or considered by this court.
 {¶ 15} Accordingly, appellant's first, second, third, and fourth assignments of error are without merit.
 {¶ 16} Since the merit of appellant's remaining assignments of error depend on the trial court's determination that it did not have personal jurisdiction over appellee and since appellant did not separately argue them, they will be addressed together. They state, respectively:
 {¶ 17} "The failure of the Belmont County Common Pleas Court and the Monroe County Court of Common Pleas to assert jurisdiction under the Rule of Locus of Injury"
 {¶ 18} "The failure of the Belmont County Court of Common Pleas and the Monroe County Court of Common Pleas to provide equal justice under the law and equal Protection under the law as required by the 14th
Amendment US Constitution."
 {¶ 19} "The failure of the Belmont Court of Common Pleas and the Monroe County Court of Common Pleas to provide access to the courts as required by the First, Fifth, and Fourteenth Amendments US Constitution." (Sic.)
 {¶ 20} "The failure of the Belmont County and the Monroe County Courts of Common Pleas to recognize that a contract to pay all medical bills an for physical pain and suffering, and economic losses has existed pursuant to Ohio Revised Code ORC 1302.09." (Sic.)
 {¶ 21} To the extent that these assignments of error take issue with the Belmont County Common Pleas Court decision, they are without merit for the reasons mentioned under appellant's first four assignments of error.
 {¶ 22} Whether a trial court has personal jurisdiction over a defendant is a matter of law which appellate courts review de novo. BairdBros. Sawmill, Inc. v. Augusta Const. (June 19, 2000), 7th Dist. No. 98-CA-152.
 {¶ 23} Once a defendant challenges personal jurisdiction, the plaintiff has the burden of establishing that the trial court has jurisdiction. Keybank Natl. Assn. v. Tawill (1998), 128 Ohio App.3d 451,455, 715 N.E.2d 243. See, also, Pharmed Corp. v. Biologics, Inc. (1994),97 Ohio App.3d 477, 646 N.E.2d 1167; Jurko v. Jobs Europe Agency (1975),43 Ohio App.2d 79, 72 O.O.2d 287, 334 N.E.2d 478.
 {¶ 24} When determining whether a state court has personal jurisdiction over a nonresident defendant the court is obligated to engage in a two-step analysis. First, the court must determine whether Ohio's long-arm statute, R.C. 2307.382, and the complementary civil rule, Civ.R. 4.3, confer personal jurisdiction, and, if so, whether granting jurisdiction under the statute and the rule would deprive the defendant of the right to due process of law pursuant to theFourteenth Amendment to the United States Constitution. U.S. Sprint CommunicationsCo. Ltd. Partnership v. Mr. K's Foods, Inc. (1994), 68 Ohio St.3d 181,183-184, 624 N.E.2d 1048; Goldstein v. Christiansen (1994),70 Ohio St.3d 232, 235, 638 N.E.2d 541.
 {¶ 25} R.C. 2307.382 provides in relevant part:
 {¶ 26} "(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
 {¶ 27} "(1) Transacting any business in this state;
 {¶ 28} "(2) Contracting to supply services or goods in this state;
 {¶ 29} "(3) Causing tortious injury by an act or omission in this state;
 {¶ 30} "(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
 {¶ 31} "(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
 {¶ 32} "(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
 {¶ 33} "(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.
 {¶ 34} "(8) Having an interest in, using, or possessing real property in this state;
 {¶ 35} "(9) Contracting to insure any person, property, or risk located within this state at the time of contracting."
 {¶ 36} Initially, it should be noted that after appellee challenged personal jurisdiction in his motion to dismiss, appellant made no effort to respond to the motion and, therefore, did not meet his burden of establishing that the trial court has jurisdiction. See Keybank Natl.Assn., supra. In reviewing appellant's complaint, he does assert that the court has jurisdiction over appellee by virtue of R.C. 2307.382(A)(3), (8), and (9). However, he sets forth no facts that would establish the applicability of any of those subsections. All that can be gleaned from the complaint is that appellant alleges he received injuries as the result of an accident involving an automobile rented from appellee. It's not clear if he was a driver or passenger in the rented vehicle, if he was a driver or passenger in another vehicle struck by the rented vehicle, or if he was a pedestrian injured by the rented vehicle. Appellant simply asserts, without more, that since the accident occurred in Ohio, Ohio has jurisdiction. Appellant presents no facts aimed at appellee's activities which would establish jurisdiction over appellee. On the other hand, appellee did set forth facts, by way of affidavit, that established that his rental car business is located and operated solely within Illinois and that he conducts no business in Ohio.
 {¶ 37} In sum, appellant failed to satisfy the first step in establishing the trial court's jurisdiction over appellee. There were no facts alleged that the court had jurisdiction over appellee. In contrast, appellee's motion to dismiss illustrates and explains how the facts alleged in appellant's own complaint neither satisfies Ohio's long-arm statute nor comports with the Due Process Clause of theFourteenth Amendment to the United States Constitution.
 {¶ 38} Appellant also discusses forum non conveniens. However, the question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is a concept distinct from and typically decided in advance of venue, which is primarily a matter of choosing a convenient forum. See, generally, 4 Wright, Miller 
Cooper, Federal Practice Procedure (1987) 224, Section 1063; 15 Wright, Miller Cooper, Federal Practice Procedure (1986) 3, Section 3801. See, also, Lindahl v. Office of Personnel Mgt. (1985),470 U.S. 768, 793, 105 S.Ct. 1620, 84 L.Ed.2d 674; Leroy v. Great WesternUnited Corp. (1979), 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464;McAllen v. Am. States Ins. (Oct. 20, 2000), 7th Dist. No. 99 CA 159. "Venue provisions come into play only after jurisdiction has been established and concern `the place where judicial authority may be exercised'; rather than relating to the power of a court, venue `relates to the convenience of litigants and as such is subject to their disposition.' Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165,168, 60 S.Ct. 153, 154, 84 L.Ed. 167 (1939)." Lindahl, 470 U.S. at 793, n. 30, 105 S.Ct. 1620, 84 L.Ed.2d 674. Since appellant failed to establish the trial court's personal jurisdiction over appellee, appellant's arguments concerning forum non conveniens are irrelevant.
 {¶ 39} Accordingly, appellant's fifth, sixth, seventh, and eighth assignments of error are without merit.
 {¶ 40} The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, P.J., and Vukovich, J., concur.