OPINION
{¶ 1} Defendant-appellant Adam R. Smith appeals from his conviction and sentence for Robbery, following a guilty plea, upon remand after his first sentence for that offense was reversed on a previous appeal. Smith contends that in its sentencing decision, the trial court impermissibly punished him for having exercised his right to *Page 2 
remain silent.
 {¶ 2} We are not persuaded that the trial court impermissibly punished Smith for having exercised his right to remain silent. We conclude that the trial court rewarded an otherwise similarly-situated offender for agreeing to testify for the State, but neither rewarded nor punished Smith for having elected not to agree to testify, instead imposing upon Smith a sentence appropriate to his offense, without regard to any issue involving Smith's co-operation. Consequently, the judgment of the trial court is Affirmed.
 I {¶ 3} In December, 2005, Adam Smith, his brother Jared Smith, and two others were involved in three incidents involving robbery, assault, or both. Only one of the four was an adult; Adam Smith and his brother Jared were juveniles. The details of the offenses are recited in our opinion in State v. Smith, 173 Ohio App.3d 735, 2007-Ohio-6355, in which we resolved Adam Smith's first appeal.
 {¶ 4} Both Adam and Jared Smith were transferred to the general division of the Clark County Common Pleas Court to stand trial. Adam Smith was charged with two counts of Aggravated Robbery, one count of Complicity, and one count of Felonious Assault.
 {¶ 5} Adam Smith and his brother Jared accepted plea bargains wherein they were each permitted to plead guilty to one count of Robbery, as a third-degree felony, and all other charges were dismissed. Jared agreed to testify on behalf of the State in proceedings involving the other defendants; Adam Smith did not.
 {¶ 6} Jared Smith received a two-year sentence for Robbery. Adam Smith received the maximum sentence of five years for Robbery. Adam Smith appealed from *Page 3 
his sentence. We reversed, concluding that the trial court had made a remark at sentencing that suggested that the trial court was punishing Adam Smith for having exercised his right to remain silent. We remanded the cause for re-sentencing. State v. Smith, supra.
 {¶ 7} On remand, the trial court again imposed a maximum sentence of five years. Adam Smith again appeals from his sentence.
 II {¶ 8} Adam Smith's sole assignment of error is as follows:
 {¶ 9} "JUDGE RASTATTER ERRED BY PUNISHING ADAM SMITH FOR ASSERTING HIS CONSTITUTIONAL RIGHTS."
 {¶ 10} In our decision in Adam Smith's first appeal, in reaching the conclusion that the trial court had abused its discretion by imposing the maximum sentence, we reasoned as follows:
 {¶ 11} "On the other hand, we are troubled by the court's placing such emphasis on the appellant's refusal to testify against his older brother. The Fifth Amendment guarantees a criminal defendant's right to stand silent, and courts may not penalize defendants for exercising their constitutional rights. See North Carolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656; State v. Morris,159 Ohio App.3d 775, 2005-Ohio-962, 825 N.E.2d 637; State v. O'Dell (1989), 45 Ohio St.3d 140, 543 N.E.2d 1220. Because the trial court appears to have improperly penalized the appellant for asserting his constitutional rights, we find the assignment of error well taken." Id., at 739, ¶ 28.
 {¶ 12} The cases cited in our prior opinion all involve defendants who exercised *Page 4 
their right to go to trial. We assumed that the Fifth Amendment privilege against self-incrimination is not waived by a guilty plea. The law of Ohio on this point may not be so clear, in view of the statement by the Supreme Court of Ohio that: "[The defendants'] guilty pleas served as a waiver of their right against self-incrimination." In reAppropriation for 1979 (1980), 62 Ohio St.2d 99, 101. See, also, 25 O Jur 3d 573, Criminal Law § 496. Despite the language appearing therein, the case cited does not really seem to stand for that proposition.
 {¶ 13} In any event, by virtue of our prior appellate decision in this case, the law of this case is that Adam Smith did have a right to remain silent after his guilty plea, so that he could not properly have been punished by the trial court by exercising that right.
 {¶ 14} The parties disagree over whether, on remand, Adam Smith was, in fact, punished for having exercised his right to remain silent. Adam Smith points to the two-year sentence imposed by his otherwise similarly situated brother, who did agree to testify, and argues that if the trial court, by its own admission, rewarded his brother for waiving his right to remain silent, then it follows that Adam Smith was punished for having exercised his right to remain silent.
 {¶ 15} The State contends that Adam Smith was not punished for having exercised his right to remain silent, but was merely not rewarded for waiving his right and co-operating, in the way that his brother was. It is understandable that Adam Smith regards this distinction as metaphysical; it is subtle. What the State is essentially arguing is that there is a baseline appropriate sentence for the offense that the Smith brothers pled guilty to having committed, and that while it is forbidden to enhance that sentence due to the defendant's exercise of a constitutional right, it is permitted to *Page 5 
mitigate that sentence when the defendant chooses to forego the right and to cooperate.
 {¶ 16} We agree with the State. A sentence that is appropriate for a particular criminal offense may be mitigated in recognition of a defendant's choice to waive a constitutional right and co-operate with the authorities; the appropriate sentence just cannot be enhanced as a result of a decision by a defendant who has been equally culpable of an equivalent offense to stand on that defendant's rights.
 {¶ 17} At the sentencing hearing on remand, the trial court explained its reasons for imposing upon Adam Smith the maximum five-year sentence. It stressed the injury inflicted upon one victim, and the fact that Adam Smith already obtained a good deal as a result of the reduction of one of the Aggravated Robbery charges to Robbery, the dismissal of the other Aggravated Robbery charge, and the dismissal of the Complicity and Felonious Assault charges. At no point, during this sentencing hearing, did the trial court express or imply that its decision to impose the maximum sentence was based, even in part, upon Adam Smith's decision to stand upon his right to remain silent. Accordingly, we conclude that this record does not support Adam Smith's claim that the maximum sentence imposed upon him was a vindictive sentence in retaliation for his decision to stand upon his constitutional rights.
 {¶ 18} Adam Smith's sole assignment of error is overruled.
 III {¶ 19} Adam Smith's sole assignment of error having been overruled, the judgment of the trial court is Affirmed. *Page 6 
BROGAN and FROELICH, JJ., concur. *Page 1