JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Carolyn Heida appeals from a common pleas court order denying her motion to vacate the judgment against her. In four separate assignments of error, Heida argues that the court abused its discretion by denying her motion pursuant to Civ.R. 60(B)(1), (2), and (5), and by failing to conduct an evidentiary hearing before ruling on her motion. We find the common pleas court did not abuse its discretion by denying Heida's motion without hearing. Therefore, we affirm.
 Procedural History {¶ 2} Heida originally filed this action on December 22, 2000 against the owners, operators and/or managers of Brookgate Shopping Center and the title owner of the property. She claimed that, while she was on the shopping center premises as a business invitee on January 17, 1999, she slipped and fell on ice which the defendants negligently permitted to remain on the premises. She suffered injuries to her head, back, buttocks, coccyx, knee, and left arm, wrist and hand, and incurred medical expenses and lost wages as a result of the fall. She also claimed defendants maintained a nuisance on the premises.
 {¶ 3} On August 6, 2002, the common pleas court granted defendants' motion for summary judgment, concluding that the plaintiff had failed to provide any evidence to oppose the affidavit submitted by the defendants which demonstrated that the defendants had reasonably maintained the accumulation of ice and snow, that there was no defect in the roof, and that the dripping from the roof was caused by thawing. Heida appealed this ruling to this court and further filed a motion for relief from judgment with the trial court pursuant to Civ.R. 60(B). The common pleas court issued an order denying the motion for relief from judgment during the pendency of the appeal.
 {¶ 4} This court affirmed the award of summary judgment.Heida v. R.M.S./Forest City Enterprises, Cuyahoga App. No. 81717, 2003-Ohio-1357. We determined that Heida had not appealed from the court's denial of her motion for relief from judgment, so we could not consider that ruling. We further determined that the common pleas court did not err by considering defendants' motion for summary judgment while a motion for sanctions for failure to comply with discovery remained outstanding. Specifically, we held:
 {¶ 5} "Heida did not file any opposition to the motion for summary judgment, nor did she seek any type of continuance pending the resolution of her motion to compel. The court had a firm discovery deadline in place, as well as a firm deadline for Heida's response to the motion for summary judgment. It was her responsibility to ensure her own compliance with those dates, or risk the kind of adverse judgment entered against her. We have to agree with Forest City that Heida's stance was taken at her own peril — it would have been prudent to ensure beforehand with the court that discovery was still ongoing. Simply filing a motion for sanctions is not enough to overcome deadlines set by the court."
 {¶ 6} Some seven months after the decision was rendered in the first appeal, Heida filed a second motion for relief from judgment pursuant to Civ.R. 60(B). In response to this motion, the common pleas court concluded that it had erroneously denied the first motion for relief from judgment because the matter was pending on appeal at the time of its order. It therefore vacated that order, but denied Heida's new motion for relief from judgment. Heida now appeals from this ruling.
 Law and Analysis {¶ 7} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), "the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) timeliness of the motion. * * * If any of these three requirements is not met, the motion should be overruled. * * * The question of whether relief should be granted is addressed to the sound discretion of the trial court." Rose Chevrolet, Inc.v. Adams (1988), 36 Ohio St.3d 17, 20 (citations omitted).
 {¶ 8} The timeliness of Heida's second motion for relief from judgment is questionable, given her delay in filing the motion until seven months after the appellate decision affirming the judgment against her. However, her first motion for relief from judgment was filed only six days after judgment was entered, and was clearly timely. The parties agree that the common pleas court did not have jurisdiction to rule upon Heida's first motion for relief from judgment while the previous appeal was pending, and that the court's purported ruling on that motion was void. Reesev. Proppe (1981), 3 Ohio App.3d 103, 104. We therefore find this motion remained pending before the court after the appeal was decided, and satisfies the timeliness requirement of Civ.R. 60(B).
 {¶ 9} Heida claims she is entitled to relief from judgment pursuant to Civ.R. 60(B)(1), (2) and (5). Rule 60(B)(1) allows the court to grant relief from judgment for "mistake, inadvertence, surprise or excusable neglect." Civ.R. 60(B)(2) lets the court relieve a party from a judgment on the ground of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)." Civ.R. 60(B)(5) is a catchall provision which permits the court to grant relief for "any other reason justifying relief from the judgment." We address the applicability of each of these provisions in turn.
 {¶ 10} In support of her argument that she is entitled to relief under Civ.R. 60(B(1), Heida apparently argues that she "mistakenly" relied upon case law which holds that summary judgment is not necessarily appropriate simply because the opposing party did not respond and did not move for an extension of time under Civ.R. 56(F) to obtain discovery needed to respond. In our view, this argument is simply another way of saying that Heida's counsel thought the trial court was wrong to grant summary judgment. "Mistake" as used in Civ.R. 60(B)(1) does not refer to legal errors by the court. See, e.g., In re Smith
(June 28, 1993), Scioto App. No. 92CA-2095, and cases cited therein, cited with approval by Estate of Glenn v. Lake Hosp.Sys. (April 24, 1998), Lake App. No. 96-L-154. Instead, such alleged errors are properly raised on appeal. Heida did address the merits of the court's decision on appeal, and we affirmed that decision. It is now res judicata and cannot be collaterally attacked on a motion for relief from judgment.
 {¶ 11} Heida next contends that newly discovered evidence she submitted with her second motion for relief from judgment provided proof of the faulty condition of the roof and of appellees' knowledge of this condition, and entitled her to relief from judgment. The evidence to which Heida refers appears to be documentation she received in response to a subpoena issued to a roofing contractor employed by appellees. This evidence was actually known to Heida at least a month before the court ruled on the summary judgment motion. Therefore, it is not "newly discovered."
 {¶ 12} Finally, Heida urges that she is entitled to relief from judgment on "other grounds" pursuant to Civ.R. 60(B)(5). In essence, she claims that appellees so subverted the discovery process that they deprived her of any opportunity to prove her claim, so that the resulting judgment against her was unjust. As this court noted in the prior appeal, however, if Heida needed additional discovery to respond to the summary judgment motion, she could and should have requested an extension of time pursuant to Civ.R. 56(F). Therefore, we find that appellant's argument here does not merit relief from judgment.
 {¶ 13} Heida also argues that the court erred by failing to conduct a hearing on her motion for relief from judgment. A hearing should be held where the motion for relief from judgment and supporting affidavits contain allegations of operative facts which would warrant relief. Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19. Here, Heida's motion does not contain such allegations. Therefore, the court did not abuse its discretion by failing to hold a hearing on Heida's motion.
 {¶ 14} Accordingly, we affirm.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J. concurs.
 Celebrezze, Jr., J. concurs in Judgment only.