OPINION
{¶ 1} In 1988, appellant, Virginia LeFever, filed a complaint for divorce against her husband, William LeFever. Three children were born as issue of said marriage, namely, Corey LeFever born January 19, 1980, Sarah LeFever born August 24, 1981 and Alex LeFever bron May 26, 1984.
 {¶ 2} Mr. LeFever died on September 22, 1998. On February 22, 1990, appellant was convicted of murdering her husband (Case No. 88-1-17117).
 {¶ 3} On April 12, 1994, appellee, the children's guardian, Rose Sommerville, filed a motion with the Probate Court for child support from appellant. On May 19, 1994, appellee filed a motion to certify the matter to be heard by the Juvenile Court. Appellant consented to the certification and the matter was transferred to the Juvenile Court. See, Entry filed May 26, 1994.
 {¶ 4} A hearing before a referee was held on August 30, 1994. By report filed September 21, 1994, the referee recommended that appellees be awarded child support in the amount of $343.66 per child per month effective September 1, 1994 until further order of the court. The referee also recommended that appellant pay to appellees the amount of $72,840.84 plus interest for child support accrued from October 1988 through August 1994. No objections were filed. By judgment entry filed October 7, 1994, the trial court approved and adopted the referee's report. No appeal was taken from this decision.
 {¶ 5} On January 9, 2003, appellant filed a motion to modify the child support order. By judgment entry filed February 28, 2003, the trial court denied said motion.
 {¶ 6} On August 8, 2003, appellant filed a motion to vacate the October 7, 1994 child support order, claiming the trial court lacked jurisdiction to order child support prior to the filing of the April 12, 1994 motion for child support, and the Probate Court was the proper court as the children became wards of said court in 1991. A hearing before a magistrate was held on November 14, 2003. By decision filed December 4, 2003, the magistrate recommended the denial of the motion. Appellant filed objections. By judgment entry filed January 30, 2004, the trial court denied the objections and approved and adopted the magistrate's decision.
 {¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 8} "The court erred when it held that the juvenile court had jurisdiction to address the issue of whether child support can be awarded retroactively and could be collected for time periods when the movants did not have custody or guardianship of the minor children."
 II {¶ 9} "The juvenile court erred when it found that rose sommerville's standing to request an award of child support for any period of time prior to the day she was apppointed guardian was not a jurisdictional issue."
 III {¶ 10} "It was a violation of due process and an abuse of discretion for the court to order child support retroactively."
 I, II, III {¶ 11} Appellant claims the trial court erred in determining it had jurisdiction over the subject matter and in ordering retroactive child support payable to the guardian of the minor children outside the time of her appointment. We disagree.
 {¶ 12} The transfer of the motion for child support from the Probate Court to the Juvenile Court occurred in 1994. Appellant agreed to the transfer and did not appeal the issue; therefore, appellant waived her right to challenge the issue.
 {¶ 13} Pursuant to R.C. 2151.231, a guardian is empowered to bring an action in Juvenile Court to seek child support from the parents; therefore the Juvenile Court had subject matter jurisdiction to hear the issue of child support.
 {¶ 14} The issue during the August 30, 1994 child support hearing was whether the support should be retroactive to the date of Mr. LeFever's death, September 22, 1998. By judgment entry filed October 7, 1994, the trial court ordered appellant pay to appellee the amount of $72,840.84 plus interest for child support accrued from October 1988 through August 1994. No appeal was taken from this order.
 {¶ 15} Failure to file a timely appeal of a final, appealable order constitutes a waiver of the right to appeal any errors contained within the order. In re Appropriation for Juv. Probate Div. for 1979 (1980), 62 Ohio St.2d 99. Appellant failed to preserve the retroactive order from the October 7, 1994 judgment entry for review and is now precluded from challenging the decision under the theory of law of the case. See, generally, C. Wright, A. Miller E. Cooper, Federal Practice and Procedure § 4478, at 788 (1981).
 {¶ 16} On August 8, 2003, appellant filed a motion to vacate the October 7, 1994 child support order. By judgment entry filed January 30, 2004, the trial court denied the motion. This order is the subject of the appeal sub judice.
 {¶ 17} We note a Civ.R. 60(B) motion for relief from judgment is not a substitute for appeal. Doe v. Trumbull County ChildrenServices Board (1986), 28 Ohio St.3d 128.
 {¶ 18} Based upon appellant's failure to appeal the original October 7, 1994 judgment entry on retroactive child support, we conclude the issue is not now available for appeal.
 {¶ 19} Assignments of Error I, II and III are denied.
 {¶ 20} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division is hereby affirmed.
Farmer, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division is affirmed.