[Cite as *Jordan v. Jordan*, 2015-Ohio-4261.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| BARBARA L. JORDAN | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOAQUIN M. JORDAN | : | Case No. 15 CAF 08 038 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Delaware County
                                   Court of Common Pleas, Case No.
                                   09 DR-A-08-0381


JUDGMENT:                          Affirmed


DATE OF JUDGMENT:                  October 9, 2015


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

BARBARA L. JORDAN, pro se                   JOAQUIN M. JORDAN, pro se
44 Tabilore Loop                            7137 Perry Road
Delaware, OH 43015                          Delaware, OH 43015

*Baldwin, J.*

{¶1}   Appellant Joaquin M. Jordan appeals a judgment of the Delaware County Common Pleas Court finding him in contempt and ordering him to reimburse appellee Barbara L. Jordan $3,184.11 by September 30, 2015.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}   The parties were divorced on September 20, 2010.   The parties have three children, and were granted shared parenting.  On October 7, 2013, appellant was designated residential parent for one of the minor children, while the parties retained shared parenting over the other minor child.  The parties' third child was emancipated at that time.   An agreed order filed on this date also ordered appellant to pay the guardian ad litem within 14 days of receiving the final bill.   Appellant did not pay the bill as required by this order.

{¶3}   On August 13, 2013, appellant was ordered to pay appellee $3,184.11 for various expenses of the children.  Although a magistrate had ordered appellant to pay $3,895.99 on June 20, 2013, appellant's objection to this amount was sustained, and the court ordered appellant to pay a recalculated amount of $3,184.11.  Appellant did not appeal this order.

{¶4}   Appellee sought to have appellant held in contempt of court for failing to pay in accordance with the August 13, 2013 order.  Appellant filed a motion seeking to have appellee found in contempt for failing to make restitution for medical expenses he incurred on behalf of the children.

{¶5} Following a hearing before a magistrate, the magistrate found that appellant had failed to pay appellee $3,184.11 as previously ordered. The magistrate noted that the court did not establish a deadline by which appellant was to pay appellee, and therefore found he was not in contempt of court for failing to pay in accordance with the August 13, 2013 order. The magistrate further found that appellant failed to submit proof that he paid medical expenses for which he was not reimbursed by appellee, and therefore recommended that his motion for contempt be overruled. Appellant was found in contempt for failing to pay the guardian ad litem's fees.

{¶6} Appellant objected to the magistrate's report, claiming that the amount of $3,184.11 was not properly calculated. Appellant also attempted to submit medical receipts with his objections which he did not present at the hearing before the magistrate.

{¶7} The court overruled appellant's objections. The court found that appellant's claim of a calculation error in the August 13, 2013 order is res judicata because he did not file an appeal from that order. The court ordered appellant to pay $3,184.11 to appellee by September 30, 2015. The court further found that the additional documents appellant submitted to the court in support of his claim that he paid medical expenses that were not reimbursed were receipts, bills, and checks from the year 2013. The court found that appellant did not demonstrate that he could not have presented these documents at the June of 2014 hearing before the magistrate, and the court therefore declined to consider this evidence pursuant to Civ. R. 53(D)(4)(d).

{¶8} Appellant assigns two errors on appeal:

{¶9} "I. THE COURT ORDER TO REIMBURSE THE PLAINTIFF FOR EXPENSES OF $3,184.11 FROM THE SHARED PARENTING PLAN AGREEMENT WAS CALCULATED INCORRECTLY AND SEVERAL ATTEMPTS HAVE BEEN MADE TO CLARIFY THIS MATTER WITH THE COURT.

{¶10} "II. JUDGE GROMLEY'S [SIC] JUDGMENT ENTRY OVERRULED MY OBJECTION TO MAGISTRATE CLINGER'S DECISION FOR REIMBURSEMENT OF MEDICAL EXPENSES I INCURRED ON BEHALF OF THE CHILDREN."

I.

{¶11} In his first assignment of error, appellant argues that the calculation of expenses of $3,184.11 in the August 13, 2013, judgment was improper.

{¶12} Appellant failed to file an appeal from the August 13, 2013 judgment. Failure to file a timely appeal of a final, appealable order constitutes a waiver of the right to appeal any errors contained within the order. *In re Lefever*, 5th Dist. Muskingum No. CT2004-0005, 2004-Ohio-6857, ¶ 15, citing *In re Appropriation for Juv. & Probate Div. for 1979*, 62 Ohio St.2d 99, 403 N.E.2d 974 (1980). Appellant is precluded from raising his claim of error at this stage in the proceedings because he failed to timely appeal the August 13, 2013 judgment in which he now claims error.

{¶13} The first assignment of error is overruled.

II.

{¶14} In his second assignment of error, appellant argues that the court erred in overruling his objections to the magistrate's decision concerning medical expenses. He argues that the evidence concerning insurance claims that were not processed in a

timely manner was not available to him at the time of the June 9, 2014 hearing, and he submitted copies with cancelled checks and receipts with his objections.

{¶15} Civ. R. 53(D)(4)(d) provides that on objections to the magistrate's report, "the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate."

{¶16} The use of the word "may" indicates the court has discretion to decide whether to hear additional evidence after the parties submit objections to the report. *State ex rel. Dann v. Coen*, 5th Dist. Stark No. 2008CA00050, 2009-Ohio-4000, ¶ 40, citing *Normandy Place Assoc. v. Beyer*, 2 Ohio St.3d 102, 105, 443 N.E.2d 161 (1982).

{¶17} As noted by the trial court, appellant attempted to submit evidence in the form of receipts, bills, and checks from the year 2013 without offering an explanation to the court as to why he could not have produced these documents at the hearing before the magistrate in June of 2014. The trial court did not abuse its discretion in refusing to hear additional evidence.

{¶18} The second assignment of error is overruled.

{¶19} The judgment of the Delaware County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Farmer, P.J. and

Delaney, J. concur.