[Cite as *JPMorgan Chase Bank v. Loseke*, 2023-Ohio-1893.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 111983 |
| NANCY L. LOSEKE, ET AL., | : | |
| Defendants-Appellants. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** June 8, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-895511

### *Appearances:*

McGlinchey Stafford and Stefanie L. Deka, *for appellee*.

James S. Wertheim LLC and James S. Wertheim, *for appellant*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} This foreclosure case concerns excess funds of nearly $200,000 after the sale proceeds were applied to satisfy a note owned by plaintiff-appellee JPMorgan Chase Bank ("JPMorgan") and secured by the mortgage on a property

owned by defendant-appellant Nancy L. Loseke ("Loseke"). Loseke claims that she is entitled to the excess funds as the owner of the property pursuant to R.C. 2329.44, which entitles the property owner to excess funds remaining after the note is satisfied. JPMorgan, which had paid over $187,000 in property taxes and hazard insurance for the property, claims that it is entitled to the excess funds pursuant to R.C. 5301.233, under which a mortgagee may seek a distribution from the proceeds of additional sums it has advanced.

{¶ 2} Our review of the record in this case reflects an anomalous procedural history. The decree of foreclosure acknowledges JPMorgan's right to seek reimbursement for advances and orders it to submit a motion for reimbursement within 21 days from the sale. JP Morgan did not submit the motion within the deadline, and the trial court confirmed the sale without accounting for JPMorgan's advances, which would effectively award the excess funds to Loseke by the operation of R.C. 5301.233. JPMorgan did not appeal the order confirming the sale, even though the Ohio Supreme Court has determined an order confirming a sale is a final appealable order. Subsequently, however, the trial court permitted JPMorgan to submit a motion for supplemental distribution, but then denied the motion submitted by JPMorgan as untimely. In response, JPMorgan filed a Civ.R. 60(B) motion for relief from the order of confirmation of sale entered eight months prior. As we explain in the following, a Civ.R. 60(B) motion is not a substitute for a timely appeal under the circumstances of this case. Therefore, we reverse the trial court's

decision granting JPMorgan's Civ.R. 60(B) relief from judgment without reaching the merit of the motion.

**Substantive and Procedural Background**

{¶ 3} In 1998, Loseke executed a note payable to Merrill Lynch Credit Corporation, JPMorgan's predecessor, in the amount of $325,000, which was secured by a mortgage on a property in Moreland Hills, Ohio. In 2017, Loseke defaulted on the note.

{¶ 4} On April 2, 2018, JPMorgan filed a complaint for foreclosure. The complaint sought the balance of $200,539.41 on the note plus interest at the rate of 3.625% per annum from June 1, 2017, as well as payments JPMorgan advanced pursuant to the terms of the mortgage, including real estate taxes and insurance premiums. Loseke opposed the foreclosure.

{¶ 5} On February 5, 2020, the trial court granted JPMorgan's motion for summary judgment, rendering judgment in favor of the bank in the amount of $200,539.41. Regarding the advances made by the bank, the decree of foreclosure stated the following:

> IT IS FURTHER ORDERED ADJUDGED AND DECREED that there may be due Plaintiff, additional sums advanced by it under the terms of the note and mortgage to pay real estate taxes, hazard insurance premiums, and property protection, which sums are to be determined by further Order.
>
> * * *
>
> IT IS FURTHER ORDERED ADJUDGED AND DECREED that, if a successful sale occurs, the parties are ordered to file any motions for reimbursement of advances pursuant to R.C. 5301.233 *within 21 days*

*from the sale.* A party may move the court to extend this deadline for good cause shown. *No party will be granted reimbursement for advances if such a motion is not filed before this deadline.* Within 7 days from the filing of a motion for reimbursement, a party may file a brief in opposition. The court will then make a careful examination of the sale pursuant to the applicable statutes. If, however, this case does not involve advances or no mortgagee intends to seek advances, a party may file a notice to this effect within seven days of the sale. * * *

(Emphasis added.) [1]

{¶ 6} Loseke appealed from the trial court's judgment granting summary judgment and the decree of foreclosure, claiming JPMorgan failed to establish standing and also failed to establish the amount due. On January 14, 2021, this court affirmed the trial court's judgment in *JPMorgan Chase Bank, N.A. v. Loseke*, 2021-Ohio-68, 166 N.E.3d 676 (8th Dist.).

{¶ 7} Thereafter, the matter proceeded to a sale of the property. On July 26, 2021, the property was sold for $460,100. JPMorgan did not file a motion

---

[1]R.C. 5301.233 allows a mortgagee bank to be reimbursed for payments it has advanced. It states:

> In addition to any other debt or obligation, a mortgage may secure unpaid balances of advances made, with respect to the mortgaged premises, for the payment of taxes, assessments, insurance premiums, or costs incurred for the protection of the mortgaged premises, if such mortgage states that it shall secure such unpaid balances. A mortgage complying with this section is a lien on the premises described therein from the time such mortgage is delivered to the recorder for record for the full amount of the unpaid balances of such advances that are made under such mortgage, plus interest thereon, regardless of the time when such advances are made.

for reimbursement of advances within 21 days of the sale, as ordered in the decree of foreclosure.

{¶ 8} Several weeks after the deadline for the motion for reimbursement of advances passed, on September 15, 2021, the trial court entered an order confirming the sale. Because there was no motion before the trial court for the bank's advances for real estate taxes and insurance payments, the court's order did not include reimbursement for these payments as contemplated in the decree of foreclosure.

{¶ 9} Notably, JPMorgan did not appeal the trial court's order confirming the sale. Six weeks after the order of confirmation, on October 31, 2021, Loseke filed a motion to disburse the surplus sales proceeds to her pursuant to R.C. 2329.44, which provides for the statutory procedure for the property owner seeking distribution of excess funds remaining after a judicial sale.[2]

{¶ 10} The next day, on November 1, 2021, the trial court issued an order directing that all parties claiming an interest in the sheriff's sale proceeds superior to Loseke to move for supplemental distribution by November 22, 2021. The trial court issued the order even though the decree of foreclosure required the bank to file the motion 21 days after the sale and the trial court had confirmed the sale.

---

[2] R.C. 2329.44 provides that "if the officer who makes the sale receives from the sale more money than is necessary to satisfy the writ of execution, with interest and costs, the officer who made the sale shall deliver any balance remaining after satisfying the writ of execution, with interest and costs, to the clerk of the court that issued the writ of execution. *The clerk then shall * * * inform[] the judgment debtor that the judgment debtor is entitled to receive the balance,* and sets forth the procedure that the judgment debtor is required to follow to obtain the balance." (Emphasis added.)

{¶ 11} On November 19, 2021, the sheriff distributed $238,021.05 (the balance on the subject note plus interest) to JPMorgan. On November 22, 2021, JPMorgan requested an extension of time, stating that it was currently gathering the necessary information regarding the advances. The trial court granted the motion. On December 13, 2021, JPMorgan sought another extension, stating it was awaiting the execution of an affidavit in support of its motion for supplemental distribution. The trial court again granted the extension. On January 18, 2022, JPMorgan filed its third request for extension. JPMorgan explained that the delay was caused by difficulties in having the supporting affidavit executed due to its employees working remotely. On February 1, 2022, the court granted an extension to February 8, 2022.

{¶ 12} On February 8, 2022, four months after the trial court confirmed the sale, JPMorgan finally filed a motion for supplemental distribution seeking reimbursement of advances of $199,496.12 in taxes and insurance payment.

{¶ 13} Loseke opposed the motion. She argued that, because the order of confirmation of sale was a final appealable order, the request for reimbursement for advances must be made prior to the order confirming the sale and, therefore, the bank's motion was untimely. Loseke also alleged that the affidavit did not contain sufficient evidence supporting its claim for the requested advances.

{¶ 14} On April 25, 2022, the trial court denied JPMorgan's motion for supplemental distribution on the grounds that the motion was filed after the order confirming the sale and was therefore untimely. The trial court noted that the property was sold on July 26, 2021, and the order of confirmation was entered on

September 15, 2021. The court reasoned that prior to the confirmation of the foreclosure sale, the trial court is required to carefully examine the proceedings and, as part of the examination, the court must determine whether amounts claimed to have been advanced for taxes and insurance are properly recoverable and accurate; and, as such, JPMorgan had the burden of timely submitting evidence establishing the advanced sums, but failed to do so before the court confirmed the sale.

{¶ 15} On May 16, 2022, JPMorgan filed a motion for relief from the order of confirmation of sale entered by the trial court on September 15, 2021. On September 26, 2022, in a decision contradicting its April 25, 2022 order, the trial court granted JPMorgan's motion for relief from the order of confirmation of sale, stating it was inequitable in a foreclosure action to deprive the plaintiff bank of the opportunity to seek reimbursement for sums it had advanced to pay real estate taxes and insurance. The court set aside the order of confirmation of sale as well as its April 25, 2022 order. It also denied Loseke's motion to distribute excess funds to her pursuant to R.C. 2329.44. On the same day, the trial court granted JPMorgan's motion for supplemental distribution. The court found JPMorgan entitled to be reimbursed for $187,914.14 for its payment of real estate taxes and hazard insurance.[3]

---

[3] The trial court's docket on that day reflects additionally (1) a notice of appeal filed by Loseke, (2) an entry stating "refund balance of case cost deposit to JPMorgan," and (3) Loseke's motion to stay pending appeal. On an entry dated February 14, 2023, the trial court denied Loseke's motion to stay pending appeal "as moot," stating that "the funds were distributed prior to the docketing of the motion."

{¶ 16} Loseke now appeals from those two judgments. On appeal, Loseke raises the following two assignments of error:

> I. The trial court erred in granting Plaintiff-Appellee relief, pursuant to Rule 60(B), from timely order of confirmation of sale.

> II. The trial court erred in failing to award the excess funds to Defendant-Appellant.

We address the two assignments of error jointly because they are related.

**Analysis**

{¶ 17} We first note that, while JPMorgan filed a Civ.R. 60(B) motion for relief from the trial court's order confirming the sale based on an apparent recognition that such an order is a final appealable order, JPMorgan now asserts on appeal that the trial court's order confirming the sale is an interlocutory order because the order confirming the sale failed to account for the advances. JPMorgan claims that its Civ.R. 60(B) motion was construed by the trial court as a motion for reconsideration of an interlocutory order. JPMorgan's claim is not supported by the record: the trial court's judgment states unambiguously that "Plaintiff's motion for relief from the decree of confirmation * * * filed 5/16/2022 is granted."

{¶ 18} Contrary to JPMorgan's assertion, the Supreme Court of Ohio has determined that an order of confirmation of sale is a final appealable order. In *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, the Supreme Court of Ohio held that "two judgments are appealable in foreclosure actions: the order of foreclosure and sale and the order of confirmation of sale." *Id.* at ¶ 35.

{¶ 19} In *Roznowski*, the decree of foreclosure set forth the right of the mortgagee to recover amounts it paid for property inspections, appraisal, preservation, and maintenance, without specifying the exact amounts. The court held that even though the foreclosure decree did not specify the actual amounts due, the decree did set forth each party's rights and responsibilities and "all that remained was for the trial court to perform the ministerial task of calculating the final amounts that would arise during confirmation proceedings." *Id*. at ¶ 20. The court held that, when confirming a sale, R.C. 2329.31(A) "requires the court to carefully examine the proceedings to determine the legality of the sale in all respects. As part of this examination, the court must determine whether the amounts advanced for inspections, appraisals, property protection, and maintenance are accurate." *Id*. at ¶ 36. "Naturally, the mortgagor must have an opportunity to challenge these amounts and raise the issue on appeal if the mortgagor believes that the amounts the trial court determines are incorrect." *Id*. at *id*.

{¶ 20} Applying *Roznowski*'s holding, the trial court's September 15, 2021 order of confirmation of sale is a final appealable order. *See also OneWest Bank, N.A. v Unknown Heirs*, 8th Dist. Cuyahoga No. 104503, 2016-Ohio-8159, ¶24 ("A confirmation of sale order is a final order."). JPMorgan could have appealed the order and argued why the lack of reimbursement in the order was an error. Yet, JPMorgan did not file an appeal from the order.

{¶ 21} It is long established that when a party fails to file a timely appeal of a final appealable order, it waives the right to appeal any errors contained within

the order. *E.g.*, *Cornell v. Shain*, 1st Dist. Hamilton No. C-190722, 2021-Ohio-2094, ¶ 24, citing *In re Appropriation for Juvenile & Probate Div. for 1979*, 62 Ohio St.2d 99, 101, 403 N.E.2d 974 (1980); *Jordan v. Jordan*, 5th Dist. Delaware No. 15 CAF 08 038, 2015-Ohio-4261, ¶ 12; and *In re Bell*, 7th Dist. Noble No. 04 NO 321, 2005-Ohio-6603. *See also Heida v. R.M.S./Forest City Ents.*, 8th Dist. Cuyahoga No. 83908, 2004-Ohio-3875.

{¶ 22} Instead of appealing the order of confirmation of sale, JPMorgan filed a Civ.R. 60(B) motion for relief from the order, which was entered eight months prior.[4] On appeal, however, JPMorgan claims the motion is *not* a Civ.R. 60(B) motion, even though the motion was captioned as a Civ.R. 60(B) motion. Under Ohio law, a Civ.R. 60(B) motion for relief from judgment may not be used as a substitute for a timely appeal. *Doe v. Trumbull Cty. Children Servs. Bd*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus. Despite JPMorgan's claim on appeal, the record clearly reflects that JPMorgan failed to

---

[4] To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after judgment, order or proceeding was entered or taken.

*GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

appeal the trial court's September 15, 2021 order, a final appealable order, which, by confirming the sale without accounting for payments advanced by JPMorgan, effectively awarded the surplus funds to the mortgagor by the operation of R.C. 2329.44. Rather than filing a timely appeal, JPMorgan inappropriately utilized a belated Civ.R. 60(B) motion for relief from judgment. JPMorgan's failure to file a timely appeal constitutes a waiver of issues that could have been raised in an appeal.

{¶ 23} In conclusion, our review indicates that JPMorgan failed to timely submit the motion for reimbursement of advances pursuant to the decree of foreclosure. It then failed to appeal the trial court's order confirming the sale. The Civ.R. 60(B) motion for relief from judgment ultimately filed by JPMorgan was an improper substitute for a timely appeal under the circumstances of this case. Without reaching the merits of the Civ.R. 60(B) motion, we conclude that the trial court abused its discretion in granting relief from judgment under Civ.R. 60(B) and erred in denying Loseke's motion for distribution of excess funds pursuant to R.C. 2329.44. The first and second assignments of error are sustained.

{¶ 24} Judgment reversed, and case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLE, J., CONCUR