[Cite as *Wells Fargo Bank, N.A. v. Greene*, 2024-Ohio-667.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., ET AL., | : | |
| Plaintiffs-Appellants, | : | Nos. 113017 and 113053 |
| v. | : | |
| RICHARD A. GREENE, ET AL., | : | |
| Defendants-Appellees. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 22, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-20-927885 and CV-22-963370

***Appearances:***

LOGS Legal Group LLP and Phillip Barragate, *for appellants.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} In this consolidated appeal, plaintiff-appellant Wells Fargo Bank, N.A. ("Wells Fargo") and plaintiff-appellant Plaza Revolving Trust (collectively, "appellants") appeal the trial court's denial of Civ.R. 60(B) motions for relief from orders of confirmation of sale appellants filed in two unrelated foreclosure actions — *Wells Fargo Bank, N.A. v. Richard A. Greene*, Cuyahoga C.P. No. CV-22-963370 ("963370"), and *Plaza Revolving Trust v. Dwayne Gidden, Jr.*, Cuyahoga C.P. No.

CV-20-927885 ("927885") (collectively, the "confirmations of sale"). Appellants sought relief from the confirmations of sale so that they could seek reimbursement of advances they had made for taxes, insurance and property preservation.

{¶ 2} In each case, the decree of foreclosure entered by the trial court acknowledged the mortgagee's right to seek reimbursement for such advances; however, the appellant failed to file a motion for reimbursement of advances within the deadline established in the decree of foreclosure, and the trial court then confirmed the sale of the foreclosed property without accounting for all of the appellant's alleged advances. Appellants argue that the confirmations of sale were not final, appealable orders because they did not include a distribution of proceeds. In the alternative, appellants argue that the trial court erred in denying their motions for relief from judgment under Civ.R. 60(B)(1), (4) and (5) because it would be "inequitable" to "penalize" appellants and "deprive them of their right to the sales proceeds or the right to be credited for [their] advances." For the reasons that follow, we affirm.

**Procedural and Factual Background**

### *Wells Fargo Bank, N.A. v. Richard A. Greene*

{¶ 3} In April 2019, Greene executed a note payable to Union Capital Mortgage Corporation in the amount of $115,862, which was secured by a mortgage on a property in Parma, Ohio. Greene defaulted on the note, and on May 12, 2022, Wells Fargo (the then-holder of the note) filed a complaint for foreclosure in the Cuyahoga County Court of Common Pleas. The complaint sought the balance of

$87,353.93 due on the note, plus interest at the rate of 5.5 percent per annum from April 1, 2020, and advances Wells Fargo had made pursuant to the terms of the mortgage, including payments for real estate taxes, insurance premiums, property inspections, preservation and protection.

{¶ 4} On October 26, 2022, the trial court granted Wells Fargo's motion for default judgment and entered judgment in favor of Wells Fargo in the amount of $87,353.93 plus interest at the rate of 5.5 percent per annum from April 1, 2020. The trial court ordered that the property be sold if the amount due, together with the costs of the action, were not fully paid within three days.

{¶ 5} With regard to the distribution of proceeds of the sale, the decree of foreclosure stated:

> And, coming now to distribute the proceeds of said sale, it is ordered that the Sheriff or Private Sale Officer out of the funds in his hands pay:

> First      The costs herein, including the sum of $263.00 payable to LOGS Legal Group LLP for the Judicial Report filed herein, which sum is hereby taxed as costs.

> Second      IF THE PLAINTIFF IS THE PURCHASER AND HAS ELECTED TO FORGO THE PAYMENT FROM THE SALE PROCEEDS OF CERTAIN TAXES AS PROVIDED IN R.C. §323.47(B):

> To the Treasurer of Cuyahoga County, Ohio, taxes, accrued taxes, assessments, and penalties on the premises hereinafter described, as shown on the tax duplicate;

> OTHERWISE:

> To the Cuyahoga County Treasurer, taxes, assessments, interest, the lien for which attaches before the date of sale

but that are not yet determined, assessed and levied for the year that includes the date of sale, apportioned pro rata to the part of that year that precedes the date of sale, and all other taxes, assessments, penalties, and interest which attached for a prior tax year but have not been paid on or before the date of sale.

Third  To the Plaintiff, the sum of $87,353.93 plus interest thereon at the rate of 5.5% per annum from April 1, 2020, *together with advances, if any.*

Fourth  The balance, if any, to the Clerk of Courts to be held pending further order.

In the event Plaintiff is the successful bidder at the sale, the amount of the deposits made herein by Plaintiff and the cost of the preliminary judicial report in the sum of $263.00, shall be deducted from the total amount of Court costs otherwise payable herein.

{¶ 6} With regard to the advances made by Wells Fargo, the decree of foreclosure further stated, in relevant part:

IT IS FURTHER ORDERED ADJUDGED AND DECREED that there may be due Plaintiff, additional sums advanced by it under the terms of the note and mortgage to pay real estate taxes, hazard insurance premiums, and property protection, which sums are to be determined by further Order.

* * *

IT IS FURTHER ORDERED ADJUDGED AND DECREED that, if a successful sale occurs, *the parties are ordered to file any motions for reimbursement of advances pursuant to R.C. §5301.233 within 21 days from the sale. A party may move the court to extend this deadline for good cause shown. No party will be granted reimbursement for advances if such a motion is not filed before this deadline.* Within 7 days from the filing of a motion for reimbursement, a party may file a brief in opposition. The court will then make a careful examination of the sale pursuant to the applicable statutes. If, however, this case does not involve advances or no mortgagee intends to seek advances, a party may file a notice to this effect within seven days of the sale. * * *

(Emphasis added.)

{¶ 7} On January 30, 2023, the property was sold to Wells Fargo for $111,400. Wells Fargo did not file a motion for reimbursement of advances (or a motion for extension of time to file such a motion) within 21 days of the sale, as ordered in the decree of foreclosure. On April 10, 2023, the trial court entered an order of confirmation of the sale. Wells Fargo did not appeal the trial court's order confirming the sale.

{¶ 8} Instead, on June 21, 2023, Wells Fargo filed a "motion for relief from the decree of confirmation filed on April 10, 2023" pursuant to Civ.R. 60. Wells Fargo argued that it was entitled to relief from the order confirming the sale under Civ.R.60(B)(1), (4) and (5) because (1) "any neglect in failing to submit evidence of its advances" was "excusable" given that "neither Plaintiff, nor its counsel[,] acted with disregard for the judicial system," (2) "foreclosure is an equitable action" and (3) "it is inequitable in a foreclosure action to deprive the Plaintiff of the opportunity to seek reimbursement for sums it advanced on behalf of the Defendant to pay for taxes, insurance and property preservation." Wells Fargo asserted that its motion was timely and that it had a meritorious claim to present because it had advanced sums for real estate taxes, insurance and property preservation "during the time of the default."

{¶ 9} In addition, Wells Fargo argued that the order confirming the sale was not a final, appealable order because "it failed to address the advances made by

Plaintiff, fail[ed] to account for disbursement of all the sales proceeds and it [left] open the possibility of further issues for the Court to determine." Wells Fargo requested that it be granted relief from the confirmation of sale and permission to file a motion for reimbursement of advances.

{¶ 10} On June 26, 2023, the trial court denied the motion, stating:

> The facts in this case are similar to those found in *JPMorgan Chase Bank v. Loseke*, (June 8, 2023), Cuyahoga No. 111983, 2023-Ohio-1893, which found that where a mortgagee plaintiff fails to seek advances prior to confirmation of a sheriff's sale and fails to appeal the confirmation of the sheriff's sale, any subsequent motion to vacate judgment under Civ.R.60(B) to seek advances is properly denied. Accordingly, the motion is denied.

{¶ 11} Wells Fargo appealed to this court (Appeal No. 113017).

### *Plaza Revolving Trust v. Dwayne Gidden, Jr.*

{¶ 12} In May 1999, Elaine and Joe Gidden executed a note payable to American General Finance Inc., which was secured by a mortgage on property located in Cleveland, Ohio. The Giddens died, and there was a default on the note.

{¶ 13} On January 15, 2020, Plaza Revolving Trust (the then-holder of the note) filed a complaint for foreclosure in the Cuyahoga County Court of Common Pleas. The complaint sought the balance of $5,815.42, plus interest at a rate of 10.99 percent per annum from August 26, 2017, and advances Plaza Revolving Trust had made pursuant to the terms of the mortgage, including payments for real estate taxes, insurance premiums, property inspections, preservation and protection.

{¶ 14} On February 13, 2023, the trial court granted judgment in favor of Plaza Revolving Trust in the amount of $5,815.42 plus interest at a rate of 10.99

percent per annum from October 3, 2017. The trial court ordered that the property be sold if the amount due, together with the costs of the action, were not fully paid within three days.

{¶ 15} With regard to the distribution of the proceeds of sale, the decree of foreclosure stated:

> And, coming now to distribute the proceeds of said sale, it is ordered that the Sheriff or Private Sale Officer out of the funds in his hands pay:

| First | The costs herein, including the sum of $18.00 payable to LOGS Legal Group LLP for the Judicial Report filed herein, which sum is hereby taxed as costs. |
|---|---|
| Second | IF THE PLAINTIFF IS THE PURCHASER AND HAS ELECTED TO FORGO THE PAYMENT FROM THE SALE PROCEEDS OF CERTAIN TAXES AS PROVIDED IN R.C. §323.47(B): |

> To the Treasurer of Cuyahoga County, Ohio, taxes, accrued taxes, assessments, and penalties on the premises hereinafter described, as shown on the tax duplicate;
>
> OTHERWISE:
>
> To the Cuyahoga County Treasurer, taxes, assessments, interest, the lien for which attaches before the date of sale but that are not yet determined, assessed and levied for the year that includes the date of sale, apportioned pro rata to the part of that year that precedes the date of sale, and all other taxes, assessments, penalties, and interest which attached for a prior tax year but have not been paid on or before the date of sale.

| Third | To the Plaintiff, the sum of $5,815.42 plus interest thereon at the rate of interest at a rate of 10.99% per annum from 10-03-2017. |
|---|---|

Fourth        The balance, if any, to the Clerk of Courts to be held pending further order.

In the event Plaintiff is the successful bidder at the sale, the amount of the deposits made herein by Plaintiff and the cost of the preliminary judicial report in the sum of $18.00, will be deducted from the total amount of Court costs otherwise payable herein.

{¶ 16} With regard to the advances made by Plaza Revolving Trust, the decree of foreclosure further stated, in relevant part:

IT IS FURTHER ORDERED ADJUDGED AND DECREED that there may be due Plaintiff, additional sums advanced by it under the terms of the note and mortgage to pay real estate taxes, hazard insurance premiums, and property protection, which sums are to be determined by further Order.

\* \* \*

IT IS FURTHER ORDERED ADJUDGED AND DECREED that, if a successful sale occurs, *the parties are ordered to file any motions for reimbursement of advances pursuant to R.C. §5301.233 within 21 days from the sale. A party may move the court to extend this deadline for good cause shown. No party will be granted reimbursement for advances if such a motion is not filed before this deadline.* Within 7 days from the filing of a motion for reimbursement, a party may file a brief in opposition. The court will then make a careful examination of the sale pursuant to the applicable statutes. If, however, this case does not involve advances or no mortgagee intends to seek advances, a party may file a notice to this effect within seven days of the sale. \* \* \*

(Emphasis added.)

{¶ 17} On May 8, 2023, the property was sold to CIM REO 2022-NR1 LLC for $15,900. Plaza Revolving Trust did not file a motion for reimbursement of advances or a motion for extension of time within 21 days of the sale, as ordered in the decree of foreclosure. On June 5, 2023, the trial court entered an order of

confirmation of sale. Plaza Revolving Trust did not appeal the trial court's order confirming the sale.

{¶ 18} On June 6, 2023, the day after the trial court entered its order confirming the sale, Plaza Revolving Trust filed a motion for extension of time to file a motion for additional advances, requesting a 20-day extension to file its motion for additional advances. The trial court denied the motion, stating: "Since the sale has been confirmed, plaintiff's motion for extension of time to file motion for additional advances is denied. *See US Bank v. Alex*, (March 12, 2015), Cuyahoga App. No. 101276, 2015-Ohio-871." The trial court further stated that it "would consider a properly supported motion for relief from the confirmation order."

{¶ 19} On July 13, 2023, Plaza Revolving Trust filed a "motion for relief from the decree of confirmation filed on June 6, 2023," pursuant to Civ.R. 60. Aside from the case-specific facts, Plaza Revolving Trust's motion was virtually identical to the motion that had been filed by Wells Fargo in 963370. Plaza Revolving Trust requested that it be granted relief from the confirmation of sale and permission to file a motion for reimbursement of advances. The trial court denied the motion, stating:

> Since the Eighth District Court of Appeals has recently decided a case with nearly identical facts as this one and has held that a motion for relief from judgment is not proper when plaintiff fails to move for advances prior to confirmation and does not appeal the confirmation entry, see JPMorgan Chase Bank v. Loseke, (June 8, 2023), 2023-OHIO-1893, plaintiff's motion for relief from the decree of confirmation is denied. The portion of the court's order cited by plaintiff stating the court would entertain a motion for relief from

judgment in this case was entered before the decision in JPMorgan Chase Bank v. Loseke and is no longer applicable.

**{¶ 20}** Plaza Revolving Trust appealed to this court (Appeal No. 113053).

**Consolidation of Appeals**

**{¶ 21}** On August 25, 2023, appellants filed a "combined motion to consolidate appeals and motion to hold appeals in abeyance," requesting that Appeal Nos. 113017 and 113053 (1) be consolidated and (2) held in abeyance pending a decision on a jurisdictional appeal that had made to the Ohio Supreme Court in *JPMorgan Chase Bank, N.A. v. Loseke*, Ohio Supreme Court Case No. 2023-0914. With respect to their request for consolidation, appellants argued that the issue they sought to have this court review was the same in both appeals and that it would "make[] for a more efficient process" if the appeals were consolidated. With respect to their request to hold the appeals in abeyance pending a decision by the Ohio Supreme Court in *Loseke*, appellants asserted that the issue presented to the Ohio Supreme Court in *Loseke* was "the same issue that Appellants have asked this Court to review" and that if the Ohio Supreme Court accepted jurisdiction of the *Loseke* case and issued a decision on the issue, that decision would "likely be dispositive of the issue in these appeals."[1] This court granted the motion in part. This court consolidated the appeals for briefing, hearing and disposition but denied appellants'

---

[1] The proposition of law JPMorgan identified in its memorandum in support of jurisdiction was "[a] confirmation of sale that does not include a distribution of sales proceeds is not a final appealable order."

request to stay the appeal pending the Ohio Supreme Court's determination of the appeal in *Loseke.*

{¶ 22} Appellants raise the following assignment of error for review:

The trial court erred in denying Appellants['] Motion for Relief from Judgment.

**Law and Analysis**

{¶ 23} Appellants argue that the confirmations of sale were not final, appealable orders because they did not include a distribution of all the sales proceeds. Alternatively, they argue that the trial court erred in denying their motions for relief from judgment under Civ.R. 60(B)(1), (4) and (5) because "their cases present one of those circumstances where in the interest of fairness and justice the Sale Confirmation should be vacated" and it would be "inequitable" to "penalize" appellants and "deprive them of their right to the sales proceeds or the right to be credited for [their] advances."

{¶ 24} As an initial matter, we note that the decrees of foreclosure set forth how the proceeds of any sale were to be distributed as well as the procedure for seeking reimbursement of additional advances, if any. Appellants do not dispute that they did not timely file their motions for reimbursement of additional advances (or motions for extension of time) as ordered in the decree of foreclosure. Likewise, appellants do not dispute that any alleged error by the trial court in confirming the sales here could have been raised in an appeal of those confirmations of sale — had they appealed the confirmations of sale. Rather, appellants assert that they "should

not be required to endure a lengthy and expensive process to appeal the Sale Confirmation when the Civ.R. 60 motion provides a more efficient manner to address the omission in the Sale Confirmation."[2]

{¶ 25} As the trial court noted below, this court previously addressed the issues appellants raise here in *JPMorgan Chase Bank v. Loseke*, 8th Dist. Cuyahoga No. 111983, 2023-Ohio-1893. In *Loseke*, JPMorgan filed a complaint for foreclosure after the mortgagor defaulted on a note secured by a mortgage on the property at issue. *Id.* at ¶ 3. The complaint sought the balance due on the note, $200,539.41, plus interest and payments JPMorgan had advanced pursuant to the terms of the mortgage, including real estate taxes and insurance premiums. *Id.* at ¶ 4. The trial court granted JPMorgan's motion for summary judgment, rendering judgment in favor of the bank in the amount of $200,539.41. *Id.* at ¶ 5. Regarding the advances made by the bank, the decree of foreclosure stated the following:

> IT IS FURTHER ORDERED ADJUDGED AND DECREED that there may be due Plaintiff, additional sums advanced by it under the terms of the note and mortgage to pay real estate taxes, hazard insurance premiums, and property protection, which sums are to be determined by further Order.
>
> * * *
>
> IT IS FURTHER ORDERED ADJUDGED AND DECREED that, if a successful sale occurs, the parties are ordered to file any motions for reimbursement of advances pursuant to R.C. 5301.233 within 21 days from the sale. A party may move the court to extend this deadline for good cause shown. No party will be granted reimbursement for

---

[2] Here, there was no dispute that, following the sales of the properties, appellants received or were credited the amounts of the judgments they were awarded for sums due under the notes. The only issue was whether appellants had a right to seek additional advances following the entry of orders confirming the sale.

advances if such a motion is not filed before this deadline. Within 7 days from the filing of a motion for reimbursement, a party may file a brief in opposition. The court will then make a careful examination of the sale pursuant to the applicable statutes. If, however, this case does not involve advances or no mortgagee intends to seek advances, a party may file a notice to this effect within seven days of the sale. * * *

*Id.*

{¶ 26} The property was sold for $460,100. *Id.* at ¶ 7. JPMorgan did not file a motion for reimbursement of advances within 21 days of the sale, as ordered in the decree of foreclosure. *Id.* Several weeks after the deadline for the motion for reimbursement of advances passed, the trial court entered an order confirming the sale. *Id.* at ¶ 8. As in the cases here, because there was no motion before the trial court for any advances for real estate taxes, insurance premiums, or property protection, the trial court's order did not include reimbursement for these payments as contemplated in the decree of foreclosure. *Id.* at ¶ 8.

{¶ 27} JPMorgan did not appeal the trial court's order confirming the sale. Instead, six weeks after order of confirmation of sale, the mortgagor, Loseke, filed a motion to disburse the surplus sales proceeds to her pursuant to R.C. 2329.44. *Id.* at ¶ 9. JPMorgan thereafter filed several motions requesting additional time to seek reimbursement of its advances. The trial court granted the requested extensions. *Id.* at ¶ 11-12.

{¶ 28} Four months after the trial court confirmed the sale, JPMorgan filed a motion for supplemental distribution seeking reimbursement for advances of

$199,496.12 in taxes and insurance payments. *Id.* at ¶ 12. Loseke opposed the motion. *Id.* at ¶ 13.

{¶ 29} The trial court denied JPMorgan's motion for supplemental distribution on the grounds that the motion was filed after the order confirming the sale and was therefore untimely. *Id.* at ¶ 14. JPMorgan then filed a motion for relief from the order of confirmation of sale under Civ.R. 60(B). *Id.* at ¶ 15. The trial court granted JPMorgan's motion for relief from the order of confirmation of sale, stating that it was inequitable in a foreclosure action to deprive the plaintiff of the opportunity to seek reimbursement for sums it had advanced to pay real estate taxes and insurance. *Id.* The trial court (1) set aside the order of confirmation of sale and its order denying JPMorgan's motion for supplemental distribution, (2) granted JPMorgan's motion for supplemental distribution and (3) denied Loseke's motion to distribute excess funds to her. *Id.* The trial court found that JPMorgan was entitled to be reimbursed $187,914.14 for its payment of real estate taxes and hazard insurance. *Id.*

{¶ 30} Loseke appealed, arguing that the trial court had erred in granting JPMorgan relief under Civ.R. 60(B) from the order of confirmation of sale and in failing to award the excess funds to her under R.C. 2329.44. *Id.* at ¶ 16.

{¶ 31} On appeal, this court reversed the trial court. Citing the Ohio Supreme Court's decision in *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, and this court's decision in *OneWest Bank, N.A. v. Unknown Heirs*, 8th Dist. Cuyahoga No. 104503, 2016-Ohio-8159, ¶ 24, this court

held that the confirmation of sale was a final, appealable order and that JPMorgan could have appealed the confirmation of sale and argued why the lack of reimbursement in the order for its advances was an error — but failed to do so. *Loseke* at ¶ 18-21. The court further held that JPMorgan's Civ.R. 60(B) motion could not be used as a substitute for a timely appeal and, by failing to timely appeal the confirmation of sale, JPMorgan had waived its right to challenge any errors in the confirmation of sale. *Id*. at ¶ 21-23. This court explained:

> It is long established that when a party fails to file a timely appeal of a final appealable order, it waives the right to appeal any errors contained within the order. *E.g., Cornell v. Shain*, 1st Dist. Hamilton No. C-190722, 2021-Ohio-2094, ¶ 24, citing *In re Appropriation for Juvenile & Probate Div. for 1979*, 62 Ohio St.2d 99, 101, 403 N.E.2d 974 (1980); *Jordan v. Jordan*, 5th Dist. Delaware No. 15 CAF 08 038, 2015-Ohio-4261, ¶ 12; and *In re Bell*, 7th Dist. Noble No. 04 NO 321, 2005-Ohio-6603. *See also Heida v. R.M.S./Forest City Ents.*, 8th Dist. Cuyahoga No. 83908, 2004-Ohio-3875.

> Instead of appealing the order of confirmation of sale, JPMorgan filed a Civ.R. 60(B) motion for relief from the order, which was entered eight months prior. * * * Under Ohio law, a Civ.R. 60(B) motion for relief from judgment may not be used as a substitute for a timely appeal. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus. Despite JPMorgan's claim on appeal, the record clearly reflects that JPMorgan failed to appeal the trial court's September 15, 2021 order, a final appealable order, which, by confirming the sale without accounting for payments advanced by JPMorgan, effectively awarded the surplus funds to the mortgagor by the operation of R.C. 2329.44. Rather than filing a timely appeal, JPMorgan inappropriately utilized a belated Civ.R. 60(B) motion for relief from judgment. JPMorgan's failure to file a timely appeal constitutes a waiver of issues that could have been raised in an appeal.

> In conclusion, our review indicates that JPMorgan failed to timely submit the motion for reimbursement of advances pursuant to the decree of foreclosure. It then failed to appeal the trial court's order

confirming the sale. The Civ.R. 60(B) motion for relief from judgment ultimately filed by JPMorgan was an improper substitute for a timely appeal under the circumstances of this case.

*Id.* at ¶ 21-23.

{¶ 32} Without addressing the merits of JP Morgan's Civ.R. 60(B) motion, this court held that the trial court had abused its discretion in granting JPMorgan relief from judgment under Civ.R. 60(B) and had erred in denying the mortgagor's motion for distribution of excess funds pursuant to R.C. 2329.44. *Id.* at ¶ 22-23. It reversed the trial court's judgment and remanded the case for further proceedings consistent with its ruling. *Id.* at ¶ 24. JPMorgan appealed to the Ohio Supreme Court. The Ohio Supreme Court declined to accept jurisdiction, *JP Morgan Chase Bank v. Loseke*, 171 Ohio St.3d 1438, 2023-Ohio-3328, 217 N.E.3d 812, and thereafter denied JPMorgan's motion for reconsideration, *JP Morgan Chase Bank v. Loseke*, 172 Ohio St.3d 1411, 2023-Ohio-4200.

{¶ 33} *Loseke* controls the result here.[3] The decrees of foreclosure in the cases at issue contain language nearly identical to the decree of foreclosure in *Loseke*, stating that "there may be due Plaintiff, additional sums advanced by it under the terms of the note and mortgage to pay real estate taxes, hazard insurance premiums, and property protection, which sums are to be determined by further

---

[3] Although *Loseke* is controlling authority and although appellants asserted in their "combined motion to consolidate appeals and motion to hold appeals in abeyance" that the dispositive issue in that case is "the same issue that Appellants have asked this Court to review," appellants do not even mention *Loseke* in their appellate brief — much less attempt to distinguish *Loseke* or otherwise claim that there is any issue here that was left unaddressed by *Loseke*. Appellants' brief was filed a day before the Ohio Supreme Court declined to accept jurisdiction of the appeal in *Loseke*.

Order," requiring that parties file any motions for reimbursement of advances or a motion for extension of time within 21 days of the sale and indicating that "[n]o party will be granted reimbursement for advances if such a motion is not filed before this deadline."

{¶ 34} Likewise, the language of the confirmations of sale in *Loseke* and those at issue here are identical except for the parcel number and identity of the purchaser of the property:

> Decree of confirmation (Parcel(s) #[parcel number])
>
> The sheriff having sold the property described in the order of sale issued to him, the court being satisfied of the legality of the sale and that the notice of the sale was in all respects in conformity to law, approves and confirms the same and directs the sheriff to execute and deliver to [purchaser] a good and sufficient deed thereof. Upon full payment of the purchase price, the purchaser will be entitled to a writ of possession against all party defendants. All undisputed state liens are protected as provided in R.C. Sec. 2329.192.
>
> Pursuant to Civ.R. 58(B), the clerk of courts must serve, in a manner prescribed by Civ.R. 5(B), all parties not in default for failure to appear notice of this judgment and its date of entry upon the journal and must note the service on the appearance docket.

{¶ 35} Applying *Loseke*, we conclude that the orders of confirmation of sale were final, appealable orders and that appellants could not use a Civ.R. 60(B) motion as a substitute for a timely appeal. Accordingly, the trial court did not err in denying appellants' Civ.R. 60(B) motions for relief from the orders of confirmation of sale. We overrule appellants' assignment of error.

{¶ 36} Judgment affirmed.

It is ordered that appellants pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR